OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed on the opinions of Justices A. Franklin Mahoney and T. Paul Kane at the Appellate Division (59 AD2d 404).
 

 In our court appellant additionally argues that the Appellate Division committed error in the manner in which it upheld the denial of his pretrial suppression motion. After a pretrial hearing at which evidence was introduced with re
 
 *760
 
 spect to pretrial photo identification and lineup procedures, appellant’s motion to suppress his in-court identification by the complainant was denied on the ground that the pretrial procedures were not impermissibly suggestive. The Appellate Division, without addressing the rationale of the suppression court, held that even if it were to be assumed that the pretrial procedures were illegal, the complainant had such an opportunity for observation at the time of the sexual assault as to establish an untainted independent source for her in-court identification testimony. Appellant now argues that the denial of his suppression motion cannot be upheld on this alternative ground inasmuch as the only testimony as to independent source was given at the trial, none having been offered at the suppression hearing.
 

 Any error in the disposition of the suppression issue at the Appellate Division was harmless beyond a reasonable doubt in the circumstances of this case. At trial the question of identity was not put in issue. Appellant conceded that he had spent an extended time with the complainant but offered an entirely different description of what had occurred during their encounter. In this circumstance, when there is no suggestion that defense strategy on the trial was in any way affected by the denial of suppression, appellant may not now be heard to complain of errors with respect to the denial of his motion to suppress the complainant’s in-court identification testimony.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order affirmed in a memorandum.