Daniel T. TRAVISON, Petitioner,

v.

Everett JONES, Superintendent of the Great Meadow Correctional Facility, Respondent.

No. 80–CV–875.

United States District Court, N. D. New York.

Sept. 21, 1981.

DeGraff, Foy, Conway, Holt-Harris & Mealey, Albany, N. Y., for petitioner; Michael J. Cunningham, Albany, N. Y., of counsel.

Robert Abrams, Atty. Gen. of the State of New York, Albany, N. Y., for respondent NYS Department of Law; Charles J. Yanni, Asst. Atty. Gen., Albany, N. Y., of counsel.

MEMORANDUM–DECISION and ORDER

JAMES T. FOLEY, Senior District Judge.

The attorneys for the petitioner, an inmate of Great Meadow Correctional Facility, filed an elaborate and detailed petition for federal habeas corpus. This original petition and its exhibits are described in my memorandum-decision and order of November 4, 1980, in which I directed its service allowing the customary twenty days for the respondent to file an answer or other pleading. In my decision of November 4, 1980, it was cautioned that the presentation of one ground only for federal habeas corpus, namely, involuntary and coerced statements, with the express statement that other grounds were being reserved upon, was very questionable. Thereafter, Attorney Cunningham filed for the petitioner a supplemental form petition, setting forth two additional grounds in support of the petition for habeas corpus relief, with a supplemental memorandum of law. The Attorney General then filed an answer with two affirmative defenses to the grounds offered in the original and supplemental petition together with a memorandum of law concluding that the original petition as supplemented should be denied and dismissed in its entirety. An enormous submission of state appellate briefs and court records has resulted requiring federal review and consideration.

As stated in my previous decision, the petitioner was convicted by a jury in the Rensselaer County Court of Sexual Abuse in the First Degree. He was sentenced to 3½–7 years and the date of the judgment of conviction is January 6, 1977. The judgment of conviction was affirmed by the Appellate Division, Third Department, with one Justice dissenting. *People v. Travison*, 59 A.D.2d 404, 400 N.Y.S.2d 188 (1977). The New York Court of Appeals affirmed unanimously. 46 N.Y.2d 758, 413 N.Y.S.2d 648, 386 N.E.2d 256 (1978). The United States Supreme Court denied a petition for certiorari, May 14, 1979.

The complete grounds to support the petition are now itemized in the supplemental memorandum of law in this manner:

1. Petitioner's conviction is based upon involuntary statements, elicited from him under duress by means of threat of parole revocation.

2. Petitioner was denied a fair trial in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution in that he was subjected to prejudicial cross-examination in regard to alleged conduct 15 years before the trial, in violation of a pretrial order prohibiting such cross-examination.

3. Petitioner's conviction is based upon identification testimony of a witness whose testimony was tainted by unconstitutionally "suggestive" investigative procedures, including a photographic identification and a line-up identification.

■ The Attorney General contends first that there has been a failure to exhaust available state remedies in regard to these grounds in that they were not raised in the state courts in the context of a violation of due process and federal constitutional rights. This principle of exhaustion enacted in the important interests of federal-state comity is enacted in 28 U.S.C. 2254(b). A strict application of this provision by the federal court system is occurring due to the substantial increase in federal habeas corpus applications that in many instances are merely a continuance of state court appeals. The substance of a federal claim must first be "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275, 277–78, 92 S.Ct. 509, 512, 513, 30 L.Ed.2d 438 (1971). It must be raised on the basis of an invasion of federal constitutional rights. *Wilson v. Fogg*, 571 F.2d 91, 92 (2d Cir. 1978); *see also Johnson v. Metz*, 609 F.2d 1052 (1979); *Twitty v. Smith*, 614 F.2d 325, 331 (2d Cir. 1979). It has also been ruled authoritatively that where the federal habeas petitioner has waived his claim procedurally in the State courts, claim is not cognizable in federal habeas corpus absent "cause" or "prejudice". *Wainwright v. Sykes*, 433 U.S. 72, 90–91, 97 S.Ct. 2497, 2508, 53 L.Ed.2d 594 (1977). The Court of Appeals, Second Circuit, has been giving increasing attention to this ruling in differing factual situations. *See Forman v. Smith*, 633 F.2d 634 (2d Cir. 1980); *Gruttola v. Hammock*, 639 F.2d 922, 928–929 (2d Cir. 1981); *Taylor v. Harris*, 640 F.2d 1 (2d Cir. 1981); *Washington v. Harris*, 650 F.2d 447 (2d Cir. 1981); *Ulster County Court v. Allen*, 442 U.S. 140, 147–154, 99 S.Ct. 2213, 2219–2223, 60 L.Ed.2d 777 (1979).

It may be a close question whether the claims offered in this petition overcome the procedural obstacles and bar outlined in the above cases, and whether there has been satisfactory exhaustion of the claims in a constitutional context. However, I am satisfied from my review that the claims for other settled considerations fail for lack of federal merit. In regard to claims (1) and (3) previously noted, it is settled that the factual findings of the State court after full and fair hearing are to be considered presumptively correct in a federal habeas corpus proceeding. *See* 28 U.S.C. § 2254(d); *LaVallee v. Rose*, 410 U.S. 690, 93 S.Ct. 1203, 35 L.Ed.2d 637 (1973); *Tanner v. Vincent*, 541 F.2d 932 (2d Cir. 1976), *cert. denied*, 429 U.S. 1065, 97 S.Ct. 794, 50 L.Ed.2d 782 (1977). In a very recent ruling, *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981), the United States Supreme Court held that the presumption of correctness provision requires deference by federal courts to factual determinations by all state courts, and petitioner has burden to show by convincing evidence that the state findings are not supported by the record.

■ Rensselaer County Judge Con G. Cholakis held an evidentiary hearing on the involuntary statement and unconstitutional identification procedure claims presented again in claims (1) and (3) of this present petition. In a substantial decision of October 21, 1976, he made specific and itemized findings of fact to support his conclusions that the petitioner's rights were in no way violated during the identification procedures and the statement given to members of the New York State Police was voluntarily given. (Ex. A—original petition, p. 3). Justice Mahoney, writing for the court, made the additional finding that the complainant had ample opportunity to observe the defendant at the time of the sexual assault, and further stated there was no merit in the contention the written statement was involuntary and there was no objection to introduction of the oral statement at the trial (59 A.D.2d at p. 407, 400 N.Y.S.2d 188). Such trial and appellate findings must be accepted as presumptively correct because there is no convincing showing they are not supported by the record.

Moreover, the in-court identification under the circumstances must be considered reliable and the display of photographs is not a violation of due process when there is no finding of impermissibly suggestive conduct in the display. *See Neil v. Biggers,* 409 U.S. 188, 199–201, 93 S.Ct. 375, 382–383, 34 L.Ed.2d 401 (1972); *Chavis v. Henderson,* 638 F.2d 534 (2d Cir. 1980); *Simmons v. United States,* 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968); *United States ex rel. Pella v. Reid,* 527 F.2d 380, 384 (2d Cir. 1975).

■ The second ground detailed previously is that petitioner was denied a fair trial in violation of the Due Process Clause of the Fifth and Fourteenth Amendments in that he was subjected to cross-examination about conduct 15 years before trial in violation of a pretrial order prohibiting such cross-examination. It is questionable whether this claim was presented to the State courts on the basis of violation of federal constitutional rights as presented here. *See Wilson v. Fogg, supra.* Point I of the brief filed for the petitioner in the Appellate Division, Third Department, expressly stated that the Trial Court erred in permitting such cross-examination in violation of the standards and criteria established by the New York Court of Appeals in *People v. Sandoval,* 34 N.Y.2d 371, 357 N.Y. S.2d 849, 314 N.E.2d 413 (1974).

Appellate Division Justice Mahoney described this issue in his opinion for the court as the most troublesome issue and discussed it at some length. 59 A.D.2d 408–409, 400 N.Y.S.2d 188. Justice Mahoney ruled for the Court that the petitioner had a right under the Sandoval ruling of the New York Court of Appeals to a pretrial determination of the prosecution's use on cross-examination of all his prior "bad acts" which he chose to inform the court about, but that the prescribed procedures to identify other "bad acts" were not followed, and there was no objection in the record to their use at the trial. The New York Court of Appeals in its brief memorandum opinion did not discuss this particular issue, but only stated that the Appellate Division order should be affirmed on the opinion of Justice Mahoney, and the separate concurring opinion of Justice Kane. This is the same court that promulgated the criteria in *People v. Sandoval,* 34 N.Y.2d 371, 357 N.Y.S.2d 849, 314 N.E.2d 413, with the express requirement at page 378 that in each case the defendant shall inform the court of his prior convictions and misconduct which might unfairly affect him as a witness in his own behalf. I agree with Justice Mahoney that the petitioner here did not meet this burden inasmuch as the court was only informed of the previous conviction.

When the first question was tendered to the petitioner on cross-examination about previous conduct involving assault and sexual abuse before answer was made, a bench conference was requested by his defense counsel. There is no record of this discussion at the bench by the Judge with the prosecutor and defense counsel, nor was there any objection made for the record to any of the other questions regarding such conduct. The petitioner answered flatly to each of the questions "No, I didn't". (pp. 5–6, Supplemental Memorandum of Law in support of petition for habeas corpus, Tr. 660–662). After a period of deliberation the jury sent a message to the Judge:

And there is a second question. "Does the reference to an accusation in Alaska have a bearing on this case, and can it be considered as evidence in this case?" Beneath there it says, "1961" and " '62".

The Judge answered with this instruction:

Ladies and gentlemen of the jury, there were certain questions put to the defendant as to whether or not he committed certain acts in the State of Alaska. The defendant answered in the negative. He denied that he had committed those acts. There is nothing for you to consider. The question was asked and the accusation was denied. There is nothing before you to indicate that he did commit any of those acts. (Supplemental Memorandum—pp. 24–25).

■ In view of this clear and unqualified instruction, it is difficult to accept the con-

tention that petitioner was deprived of a fair trial in violation of federal constitutional rights. The premise upon which our jury system is founded is that a jury accepts and follows clear instructions of the trial judge. The instructions here must be considered as a forceful curative instruction that would remove any possible prejudice. Such curative instructions were lacking in the extreme case that petitioner relies upon, *Williams v. Henderson*, 451 F.Supp. 328 (E.D.N.Y.1978), *aff'd*, 584 F.2d 974 (2d Cir. 1978), oral opinion not citable as precedent, that also had other serious factors of misconduct by the prosecutor. Errors in evidentiary rulings have to be of constitutional magnitude and result in the denial of the procedural fairness required by the 14th Amendment. *Mitchell v. Smith*, 481 F.Supp. 22, 25 (E.D.N.Y.1979). The particular federal rules of evidence and federal cases that petitioner points to in the supplemental memorandum relate to the standards that apply and the procedures to be followed regarding evidence of a defendant's similar crimes or acts in federal criminal trials. Such provisions are not controlling upon the State courts. From my review, it is my judgment the petitioner received a fair trial.

The petition is denied and dismissed in its entirety.

It is so Ordered.