■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS LEWIS, Appellant.—Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered April 18, 1989, convicting defendant, after jury trial, of assault in the second and third degrees and sentencing him, as a predicate felon, to an indeterminate term of imprisonment of 2 to 4 years and a concurrent term of one year conditional discharge, respectively, unanimously affirmed.

The conviction arose out of a fight between an estranged husband and wife which occurred at the apartment of a mutual friend. The wife and an acquaintance testified that a shouting match degenerated into a scuffle during which defen-

dant said "Bitch, I'll kill you", repeatedly kicked and beat the victim, and ultimately stabbed her in the upper part of her thigh. The defendant testified that he was attempting to leave the apartment but was prevented from doing so by his wife who had started scuffling with him. He stated that during the struggle, he accidentally stabbed her in the leg with a knife he had been using to pry open the door lock. Evidence revealed prior physical altercations between the parties. The People's medical evidence established that the wife's stab wound was three to four inches deep, and that the victim had spent several days in the hospital, on intravenous medication, as a result of the stabbing. After defendant had testified and the parties had rested, counsel requested leave to call a medical witness. Counsel stated that the witness would testify that the wound was not of a nature which was deliberate. The application was denied, and the court noted counsel's exception.

On appeal, defendant contends that he was deprived of an opportunity to call a material witness to challenge the People's proof as to the depth of the wound. On the basis of the offer of proof, which only claimed that the witness would testify that the wound was not deliberate and did not specify how the witness reached that conclusion, we find this claim to be unpreserved for review as a matter of law (CPL 470.05 [2]; *People v Zambrano,* 114 AD2d 872, *lv denied* 67 NY2d 659). Were we to review in the interest of justice, we would note that under the circumstances of this case, defendant was not denied his opportunity to present a defense. Evidence of guilt was overwhelming, and the proposed testimony, as elaborated for the first time in the brief, would not persuade us that defendant was deprived of a fair trial.

Defendant's objection to any portion of the prosecutor's cross-examination of defendant was sustained by the trial court. Inasmuch as no further or curative instruction was sought by defense counsel we find nothing therein preserved for review *(see, People v Medina,* 53 NY2d 951, 953).

We have examined defendant's remaining arguments and find them to be without merit. Concur—Ross, J. P., Milonas, Rosenberger, Asch and Kassal, JJ.