■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN DIAZ, Also Known as MIGUEL CALIMANO, Also Known as CALIMANO DIAZ, Appellant.—Judgment, Supreme Court, New York County (Albert Williams J., at hearing and sentence), rendered January 13, 1989, convicting defendant, after a jury trial, of burglary in the second degree, criminal trespass in the second degree and possession of burglar's tools, and sentencing him, respectively, to concurrent terms of incarceration of 5 to 10 years as to the burglary count and one year each as to the trespass and burglar's tools counts, unanimously reversed, on the law and as a matter of discretion in the interest of justice, the charge of burglary in the second degree reduced to attempted burglary in the second degree, and the matter remanded for a new trial.

Defendant argues, and the People concede, that the proof adduced at defendant's trial was insufficient to prove that defendant "entered" or "remained" in the building in question within the meaning of Penal Law § 140.25 (2). To sustain a burglary conviction, it must be established beyond a reasonable doubt that the defendant knowingly entered or remained unlawfully in a building—in the case at bar a dwelling—with the intent of committing a crime therein. (Penal Law § 140.25 [2].) Trespassing on the roof and fire escape of an adjoining

building, even assuming intent to commit a crime in the subject building, cannot be defined as being "inside" a building. *(Compare, People v King,* 61 NY2d 550, 554-555 [1984].) Thus, as the People candidly acknowledge, "since the areas of 450 West 55 Street on which he was trespassing were not *inside* that building, he could not be guilty of burglary, which requires that he *enter* or remain unlawfully *in* a building." Accordingly, were it not for the fact that we are nevertheless remanding the matter for a new trial, we would be required to modify the judgment to reflect a conviction for the lesser included offense of attempted burglary, as a lesser included offense of burglary in the second degree. *(See,* CPL 470.15 [2] [b]; 1.20 [37]; *People v Dlugash,* 41 NY2d 725, 737 [1977].)

In the case herein, the prosecutor repeatedly mischaracterized the evidence and denigrated defense counsel. It is clearly improper for a prosecutor to lead the jury away from the issues before it and impugn the integrity of defense counsel. *(See generally, People v Ashwal,* 39 NY2d 105, 109-110 [1976]; *see also, People v Rivera,* 116 AD2d 371, 374 [1st Dept 1986]; *People v Torriente,* 131 AD2d 793, 794-795 [2d Dept 1987].) This is all the more true given that a prosecutor is an officer of the court and a representative of the People of the State of New York; thus, where as here, he makes personal attacks upon the credibility of defense counsel and interjects his own credibility and integrity into the case, referring, *inter alia,* to the defense theories as an "insult", "absurd" and "desperate", thereby suggesting that counsel was trying to deceive the jury, the insult is not to the jury, but rather to counsel, as well as to the criminal justice system *(People v Lombardi,* 20 NY2d 266, 272 [1967]; *People v Gay,* 63 AD2d 590 [1st Dept 1978]). We similarly express our displeasure at comments by the prosecutor which were personally denigrating to defendant, among them one to the effect that defendant was the "best dressed homeless man I've ever seen."

Additionally, the prosecutor made various inappropriate and burden-shifting comments attacking defendant's reliance upon rights which are constitutionally guaranteed, i.e., the presumption of innocence, the standard of proof beyond a reasonable doubt and the right to a trial. The dilution of defendant's exercise of these constitutional rights constitutes error. *(See, People v Kent,* 125 AD2d 590, 591 [2d Dept 1986].)

Many of the comments complained of in defendant's brief on appeal were objected to, some successfully, some not; others passed without objection. A reversal for a new trial is nevertheless required, for, to quote Justice Ross, "[t]he cumulative

effect of these errors was to effectively deny defendant a fair trial." *(People v Dowdell,* 88 AD2d 239, 248 [1st Dept 1982]; *accord, People v Thompson,* 167 AD2d 161 [1st Dept 1990].) Concur—Murphy, P. J., Sullivan, Carro, Ellerin and Smith, JJ. *[See,* — AD2d — (Apr. 18, 1991).]