■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN DIAZ, Also Known as MIGUEL CALIMANO, Also Known as CALIMANO DIAZ, Appellant.—Upon reargument, the decretal paragraph of the decision and order of this court, entered February 7, 1991, which reversed defendant's conviction of burglary in the second degree, criminal trespass in the second degree and possession of burglar's tools, and remanded for a new trial, is unanimously vacated, and the following is substituted in its place: "Judgment, Supreme Court, New York County (Albert Williams, J.), rendered January 13, 1989, convicting defendant, after a jury trial, of burglary in the second degree, criminal trespass in the second degree and possession of burglar's tools, and sentencing him to concurrent terms of imprisonment of five to ten years as to the burglary count, and one year each as to the trespass and burglar's tools

counts, unanimously reversed, on the law, and as a matter of discretion in the interest of justice, and a new trial ordered on the present indictment solely with respect to the count of possession of burglar's tools, and the indictment is otherwise dismissed without prejudice to the People re-presenting any appropriate charges to another Grand Jury."

On the appeal, this court reversed defendant's judgment of conviction due to prejudicial error, and ordered a new trial, while alternatively holding that the evidence was not sufficient to sustain the defendant's conviction of burglary in the second degree *(People v Diaz,* 170 AD2d 202). As we had dismissed the burglary charge, there is nothing remaining in the indictment to support further prosecution for the lesser included offense of attempted burglary in the second degree under that accusatory instrument *(People v Gonzalez,* 61 NY2d 633). We accordingly dismiss the indictment, except as to the possession of burglar's tools count, with leave to re-present any appropriate charges to another Grand Jury. Concur—Murphy, P. J., Sullivan, Carro, Ellerin and Smith, JJ.