■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN BUTLER, Appellant.—Judgment, Supreme Court, Bronx County (Richard Lee Price, J.), rendered July 9, 1990, convicting defendant, after jury trial, of murder in the second degree, and sentencing him to an indeterminate term of imprisonment of from 25 years to life, unanimously reversed, on the law and as a matter of discretion in the interest of justice, and the matter remanded to Supreme Court for a new trial.

Defendant was convicted of murder in the shooting death of Ismael Quiles, known as "Tarzan", in the course of an argument. None of the People's witnesses testified as to what the dispute was about, or to the circumstances which led up to the firing of the first shot. No weapon was recovered from the scene.

Two bullet wounds were inflicted, the first entering the left chest, passing through the lower lobes of both lungs and grazing the top of the liver, and the second entering the back of the neck on the right side travelling towards the center of the body and lodging between the fourth and fifth cervical vertebrae where it transected the spinal cord. An Associate Medical Examiner stated that decedent's blood alcohol level was, at the time of his death, a minimum of .22 percent, more than twice the legal definition of intoxication.

It was appellant's testimony that the argument with the decedent erupted because Quiles wanted to put his beer down where defendant had placed some clothing, resulting in Quiles swinging a grey zippered bag at defendant while holding a broken beer bottle in his other hand. A gun dropped out of the bag, appellant retrieved it first and shot Quiles. The crucial question is whether, as Quiles's son (five years old at the time of the killing and seven at the time of trial) testified, defendant fired the second shot while standing over Quiles who was on the ground or, as defendant testified, while attempting to protect himself from Quiles who was lunging at him with the broken bottle.

While, contrary to defendant's contention, the evidence is sufficient to sustain a guilty verdict, the overzealousness of the prosecutor and his numerous unwarranted remarks—both

during cross-examination and on summation—constitute sufficient cumulative prejudice to have deprived defendant of a fair trial.

On cross-examination, the prosecutor repeatedly asked defendant if other witnesses, whose testimony contradicted his, were not "mistaken" until defendant eventually responded, "Yes, they lying, I'm telling you", precipitating the following exchange:

"Q: They lie.

"A: I'm admitting to what I did, but I'm trying to explain to you.

"Q: They're the ones that lied, right? Is that what you're saying?

"A: Sir—

"Q: Is that what you're saying?

"MR. SCHUBERT [defense counsel]: Objection, your Honor.

"THE COURT: Overruled.

"Q: Is that what you're saying, yes or no? Are they the ones that lied?

"A: Listen.

"Q: Yes or no. Are they?

"MR. SCHUBERT: Objection.

"A: They're the ones who lied?

"THE COURT: Overruled.

"Q: Did they lie, yes or no?

"A: Sir:

"Q: No, I don't want to hear your explanations. I want an answer to the question. Did they lie?

"A: Yes, they are lying.

"Q: They lied.

"A: Yes, they are.

"Q: You're not lying. They lied.

"A: I'm telling you what I did.

"Q: They lied, right?

"A: I'm admitting to what I did, but I'm trying to tell what happened, sir.

"Q: These two people lied, right?

"A: Yes, sir".

With respect to another witness:

"Q: And, he's going to lie about what he saw, is that correct?

"A: He—

"Q: Yes?

"A: Yes, he—he's not telling it to you exactly what happened.

"Q: He lied. He lied. Why don't you tell us the right way what happened.

"A: I told you.

"Q: Start from the beginning.

"A: I can tell you over and over.

"MR. FUSTO: Objection to characterization.

"THE COURT: Sustained. Rephrase your question.

"Q: Why don't you tell us the truthful way?

"A: I have been.

"MR. FUSTO: Objection.

"Q: Of what happened.

"THE COURT: Sustained. Rephrase your question."

The prosecutor then proceeded to question defendant regarding his criminal record, insinuating that a prior felony conviction had an effect on his status with regard to sentencing, resulting in an inadvertently humorous exchange:

"Q: Mr. Butler, answer the question. You have a lot to lose if you're convicted of this second felony, don't you?

"A: You would have a lot to lose if you was convicted for the first time."

The sentence for murder is not lengthened by predicate felony convictions (Penal Law §§ 125.25, 70.00 [2] [a]; [3] [a] [i]). However, defense counsel did not object to this line of questioning.

Not content, the prosecutor went on to speculate about the preparation of defendant's case, including consideration of the testimony likely to be given by the People's witnesses. The prosecutor suggested that defendant fabricated a justification defense, stating: "You discussed it. Mr. Butler, isn't it true that you decided to testify and say that Tarzan lunged towards you after the first shot only because you had to explain how Tarzan was shot in the back of the neck?" No objection was raised, however, until the prosecutor implied that defense counsel was involved in discussions regarding "inconsistencies" in the testimony.

The prosecutor began his summation by characterizing the defense as a "tragedy", stating: "Listening to him, to the

defendant sum up to you, it is a tragedy of cynicism. It is a tragedy of prejudice. It is a tragedy of speculation. It's a tragedy of conjecture. It's a tragedy of bias. It's a tragedy for Angel Quiles to be left without a father." Following defense counsel's objection, he added, "It's a tragedy for good people to have to listen to defendant's contentions", and after further objection, "And, it is pure unadulterated hogwash."

Regarding the justification defense, the prosecutor stated: "Ladies and gentlemen, I submit to you that this is no case of self-defense. I submit to you that the Judge is going to give you the law on self-defense in the event you wish to consider it. I submit to you that you don't have to if you don't want to, and I ask you don't get sidetracked. The fact that the Judge is giving you the defense of self-defense is because the defendant testified to that on the witness stand."

At several points in his remarks, the prosecutor told the jurors that defendant should be considered guilty if they believed the testimony of any one of the People's witnesses, including the Associate Medical Examiner (to which counsel raised no objection) and reminded them that defendant has "the greatest motive to lie" (objection sustained) and "realizing this would be the second felony conviction, his bias is overwhelming" (objection overruled).

None of the objections by defense counsel was accompanied by a motion for a mistrial or a request for curative instructions *(People v Medina,* 53 NY2d 951, 953; *People v Lewis,* 167 AD2d 303, 304, *lv denied* 77 NY2d 908). However, the prosecutor's conduct, during trial and on summation, "was improper and prejudicial to defendant" *(People v Whalen,* 59 NY2d 273, 280) and "violated the prosecutor's obligation to seek justice, rather than conviction (see Code of Professional Responsibility, EC 7-13)" (59 NY2d, *supra,* at 280-281). This is not a trial in which both prosecution and defense engaged in similar "excesses and improprieties" *(People v Galloway,* 54 NY2d 396, 398), nor do the prosecutor's remarks constitute fair comment in response to the defense summation *(People v Morgan,* 66 NY2d 255; *People v Anthony,* 24 NY2d 696). It is improper for the prosecutor to misstate the law on summation *(People v Pauli,* 130 AD2d 389, 391-393, *appeal dismissed* 70 NY2d 911), or to compel defendant on cross-examination to characterize the People's witnesses as liars *(People v Jones,* 74 AD2d 854, 856-857), or to accuse defendant of tailoring his testimony *(People v World,* 157 AD2d 567), or to engage in argument which seeks to shift the burden of proof on justification to defendant *(People v Perez,* 90 AD2d 468, 469; *see also,*

*People v Farmer,* 122 AD2d 801, 803), or to denigrate the defense *(People v Jackson,* 174 AD2d 552, 554; *People v Diaz,* 170 AD2d 202, 203, *amended* 172 AD2d 341).

While not all of the comments complained of on appeal have been preserved for review by timely objection, a reversal and a new trial are nevertheless appropriate. "The cumulative effect of these errors was to effectively deny defendant a fair trial" *(People v Dowdell,* 88 AD2d 239, 248). Concur—Rosenberger, J. P., Ellerin, Wallach, Kupferman and Rubin, JJ.