■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON HAWKINS, Appellant. [633 NYS2d 132] —Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered March 19, 1993, convicting defendant, after a jury trial, of robbery in the first degree and sentencing him, as an armed violent felony offender, to a term of 10 to 20 years imprisonment, unanimously reversed, on the law, and the matter remanded for a new trial.

Defendant was convicted for his participation in the robbery of a bodega located at 2236 Grand Concourse near 182nd Street in Bronx County. During the crime, all three individuals working in the store were shot and wounded. Defendant was apprehended after fleeing from a dark colored Volkswagen Jetta with New Jersey license plates, which contained three other individuals and matched the description of the getaway car given to police by a bystander. Pursuing police officers recovered an operable .32 caliber revolver containing five live

rounds, which had been discarded by defendant during his flight from the officers. A .38 caliber revolver with two spent and four live rounds and an operable, but empty, .25 caliber Raven semiautomatic pistol were found in the Jetta. It was determined that a .25 caliber shell casing found behind the counter of the bodega had been fired from the Raven pistol. In addition six .38 caliber rounds, capable of being fired from the .38 caliber revolver found in the Jetta, were recovered from defendant's pocket.

As a result of the trial court's suppression of the prosecution's identification testimony, the People sought to introduce a prior statement, given by the defendant to authorities in New York County, regarding a robbery/murder that took place at a Manhattan bodega approximately one and one half hours before the robbery involved in this case. In the statement, the defendant admitted participating in the Manhattan crime with the same accomplices, automobile and weapons as were involved in the Bronx County crime. We find that the admission of the statement, which was clearly relevant to the contested issues of identity and intent, was not improper. The People demonstrated good cause for their late notice regarding the videotaped statement (*see*, CPL 710.30 [2]; *People v O'Doherty*, 70 NY2d 479, 483) and the statement was admissible in any event pursuant to *People v Molineux* (168 NY 264). Moreover, the record reflects that defendant and his attorney in the New York County prosecution had been given timely notice by the New York County authorities of their intention to use the statement, which had been the subject of a *Huntley* hearing and found to have been voluntarily made. In addition, defense counsel in this case had been notified of the People's intention to introduce the statement pursuant to *People v Molineux* (*supra*), at the time of the Bronx County suppression hearing.

However, it was error to allow the People to introduce ballistics evidence and testimony which demonstrated that the Manhattan bodega robbery resulted in the death of one of the victims and that one of the bullets removed from the body of that victim came from the .32 caliber revolver defendant dropped during his flight from the police. The probative value of this evidence was clearly outweighed by its prejudice. The evidence unnecessarily emphasized the murder aspect of the Manhattan crime and strongly suggested to the jury that the defendant was the perpetrator (*see*, *People v Ventimiglia*, 52 NY2d 350, 362).

The trial court properly exercised its discretion in allowing

the prosecution to cross-examine defense witness Harvey Arm-wood, also known as Kenneth Jones, also known as "Pop", regarding both his guilty plea taken in connection with his prosecution for the robbery of the Volkswagen Jetta used in both the New York County and Bronx County robberies and his statement to New York County authorities concerning the Manhattan bodega robbery. Both statements included mention of the defendant's involvement in each of those crimes. The defense "opened the door" to such cross-examination when it elicited statements from this witness that he "tricked" the defendant into accompanying him to the Bronx robbery, intimating that defendant was not involved in the Manhattan crime, and that the defendant "wasn't really the type to really go around robbing" (*People v Gordon*, 202 AD2d 166, 167-168, *lv denied* 83 NY2d 911; *People v Gay*, 197 AD2d 471, *lv denied* 83 NY2d 852). However, it was error for the trial court to allow the prosecutor to both use the portion of the witness' Kings County plea allocution in which the witness stated that defendant displayed the gun used, and to press the cross-examination of this witness to an extent which required the witness to be represented by counsel and to invoke his Fifth Amendment privilege, when asked certain questions about the Manhattan crime, which implicated the defendant as one of the shooters in that case.

The prosecution continued to repeatedly emphasize the overly prejudicial evidence concerning the Kings County car theft and Manhattan bodega robbery on summation. The prosecutor stated, *inter alia*, that the weapon recovered from defendant "fired a shot into the head of Mr. Burgos [the victim] an hour before in Manhattan". Later in the summation the prosecutor posed the following question to the jury: "Now ask yourself, why would the defendant having just come from a failed robbery in Manhattan, the one in which he stated on the video truthfully he put a gun to Mr. Burgos, who just moments later was shot and killed, why would this innocent suburbanite be so curious about what was going on in some bodega in the Bronx at 1 o'clock in the morning?" In addition, when attacking the credibility of defense witness Harvey Armwood, also known as Kenneth Jones, the prosecutor stated: "And then you have Mr. Jones, the two-time felony loser, the guy who admits under oath in Brooklyn he robbed this Jetta. And who was the gunman with him doing the robbery? Mr. Hawkins over here". These comments and other similar comments made throughout the prosecutor's summation urged the jury to accept evidence elicited during cross-examination as direct evidence, improperly characterized the defendant as a "gunman"

and murderer, and invited the jury to convict based upon that characterization. The cumulative effect of the summation and the other evidentiary errors noted deprived defendant of a fair trial (*People v Butler*, 185 AD2d 141, 145; *see generally*, *People v Dowdell*, 88 AD2d 239, 248).

We have reviewed the defendant's other claims concerning, *inter alia*, the court's *Sandoval* ruling and the denial of his right to a speedy trial and find them to be meritless. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Tom, JJ.