■ The People of the State of New York, Respondent, v Edwin Caicedo, Appellant. [651 NYS2d 110] —Appeal by the de-

fendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered March 2, 1995, convicting him of murder in the second degree (two counts), robbery in the first degree, criminal possession of a weapon in the second degree, criminal possession of stolen property in the third degree, and assault in the second degree, upon a jury verdict, and imposing sentence. Justice Santucci has been substituted for the late Justice Hart (see, 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed.

After the defense rested its case, the defendant requested a charge for the affirmative defense to felony murder, which request was denied. Thereafter, the defendant successfully moved to reopen his case and took the stand. After the defense again rested, the defendant's renewed request to charge the affirmative defense to felony murder was granted. On appeal, the defendant contends that his initial request for a change on the affirmative defense to felony murder was improperly denied.

It is well settled that in any prosecution for felony murder "in which the defendant was not the only participant in the underlying crime, it is an affirmative defense that the defendant: (a) [d]id not commit the homicidal act or in any way solicit, request, command, importune, cause or aid the commission thereof; and (b) [w]as not armed with a deadly weapon, or any instrument * * * readily capable of causing death or serious physical injury * * * and (c) [h]ad no reasonable ground to believe that any other participant was armed with such a weapon * * * and (d) [h]ad no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death or serious physical injury" (Penal Law § 125.25 [3]).

In order to overcome the impact of the court's denial of his initial request to charge the affirmative defense to felony murder, the defendant contends that he was forced to take the stand at the expense of his right against self-incrimination. However, neither the defendant's written statement, which was admitted into evidence, nor the testimony of an unbiased witness, established that the defendant did not in any way cause or aid the shooting of the victim. Nor did the defendant's videotaped statement, also admitted into evidence, establish that he lacked knowledge that one of the participants had a gun, only that he did not see a gun.

Accordingly, under no reasonable view of the evidence adduced prior to the defendant's initial request for the affirmative defense charge could the jury have found that the defen-

dant established this affirmative defense pursuant to Penal Law § 125.25 (3). Therefore, the trial court did not err when it denied the defendant's initial request for such a charge *(see, People v Butts,* 72 NY2d 746, 748-750).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Santucci, J. P., Altman, Goldstein and McGinity, JJ., concur.