■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH J. CRUMP, Appellant. [680 NYS2d 765] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [3] [felony murder]) and burglary in the first degree (Penal Law § 140.30 [2] [causing injury to a nonparticipant]). Defendant was sentenced as a second felony offender to concurrent terms of incarceration of 25 years to life and 12½ to 25 years.

On appeal, defendant contends that reversal is required as a result of prosecutorial misconduct; that the evidence is insufficient to support the verdict; that the verdict is against the weight of the evidence; that defendant was prejudiced by various incorrect evidentiary rulings; that County Court erred in refusing to charge the affirmative defense to felony murder; and that the sentence is illegal and unduly harsh or severe.

Reversal is not required as a result of prosecutorial misconduct. Prosecutorial misconduct warrants reversal " 'only when the conduct has caused such substantial prejudice to the defen-

dant that he has been denied due process of law'" (*People v Rubin*, 101 AD2d 71, 77, *lv denied* 63 NY2d 711, quoting *People v Mott*, 94 AD2d 415, 419), or where the prosecutor's remarks, viewed in the totality of the circumstances, are so egregious as to deprive defendant of a fair trial (*see, People v Hopkins*, 58 NY2d 1079, 1083; *People v Plant*, 138 AD2d 968, *lv denied* 71 NY2d 1031). The prosecutor's remarks here do not rise to that level.

The verdict is supported by legally sufficient evidence and is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). The evidence, including defendant's inculpatory statements to various witnesses before and after the crime, overwhelmingly establishes defendant's identity and felonious intent.

The challenged evidentiary rulings either are not erroneous or constitute harmless error in view of the overwhelming evidence against defendant. Pursuant to the court's pretrial ruling, the prosecutor should not have elicited certain hearsay statements of an accomplice regarding "the plans" to commit the robbery. Under the circumstances, however, there was no prejudice to defendant. The inadmissible statements concerning "the plans" added little to the admissible hearsay statements implicating defendant as an accomplice in the planned robbery.

The court did not err in denying defendant's request to charge the affirmative defense to felony murder. Viewed in the light most favorable to defendant, the proof does not establish any of the elements of the affirmative defense (*see*, Penal Law § 25.00 [2]; § 125.25 [3]; *People v Johnson*, 169 AD2d 498, 500, *lv denied* 77 NY2d 962). In particular, there is no proof that defendant did not "solicit, request, command, importune, cause or aid the commission" of the shooting, that defendant was not armed, that he had no reasonable ground to believe that his accomplices were armed, or that he had no reasonable ground to believe that his accomplices intended to hurt or kill anyone (Penal Law § 125.25 [3] [a]; *see, People v Caicedo*, 234 AD2d 379, 380, *lv denied* 89 NY2d 1089).

We have considered defendant's other contentions, including the challenges to the legality and severity of the sentence, and conclude that they are without merit. (Appeal from Judgment of Erie County Court, LaMendola, J.—Murder, 2nd Degree.) Present—Denman, P. J., Pine, Hayes, Pigott, Jr., and Balio, JJ.