■ The People of the State of New York, Respondent, v Rodney Spruill, Appellant. [775 NYS2d 249]—

Judgment, Supreme Court, Bronx County (Troy Webber, J.), rendered January 24, 2002, convicting defendant, after a jury trial, of attempted sexual abuse in the first degree and endangering the welfare of a child, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years and 1 year, unanimously affirmed.

Defendant was charged with attempted sexual abuse in the first degree (Penal Law §§ 110.00, 130.65) and endangering the welfare of a child (Penal Law § 260.10), based on an incident involving an eight-year-old girl that allegedly occurred on April 12, 2000. At trial, the complainant's mother testified that, on the day of the incident, she removed the complainant from school early because another one of her children had to go to the hospital. Thereafter, the mother permitted defendant, a family friend, to take the complainant from her home in Brooklyn to visit defendant's girlfriend at her apartment in the Bronx. The complainant was a friend of one of the girlfriend's children. The complainant and the girlfriend testified that, while defendant and the complainant were at the girlfriend's apartment in the early afternoon, defendant, among other things, showed the complainant nude photographs of the girlfriend; asked the complainant if she would like to take similar photographs of defendant and the girlfriend; and, while clad only in underwear, showed the complainant a condom and asked her if she would like to learn how to put it on.

Defendant testified that the complainant was never in his company on the day in question, and denied that he had ever engaged in conduct of the kind described by the prosecution's witnesses. Defendant acknowledged on cross-examination that his prior record included a felony conviction, two misdemeanor convictions and a parole violation based on a domestic violence incident. Pursuant to a pretrial *Sandoval* ruling, the fact that defendant's prior felony conviction was for the use of a child in a sexual performance (Penal Law § 263.05) was not made known to the jury.

On appeal, defendant complains that the prosecutor's summation was so tainted by improper appeals "to the sympathies and fears of the jury" (*People v Nevedo,* 202 AD2d 183, 185

[1994], quoting *People v Ortiz,* 116 AD2d 531, 532 [1986]) that the trial was rendered unfair. We agree that the prosecutor went beyond fair advocacy of the People's position at several points in his summation. In particular, the prosecutor asked the jurors five times during the summation if they would want their own children in the place of the complainant. These references to the jurors' children, which had a natural tendency to stir up "emotional turmoil . . . cloud[ing] the mind and interfer[ing] with the jury's function to weigh and evaluate the evidence objectively" (*People v Nevedo,* 202 AD2d at 185), were decidedly inappropriate. In addition, references to the defendant's prior convictions made for the purpose of bolstering the credibility of the prosecution witnesses improperly implied that those witnesses should be believed because defendant's criminal record demonstrated a propensity for criminality (*see People v Tarantola,* 178 AD2d 768, 769 [1991], *lv denied* 79 NY2d 954 [1992]). Finally, the prosecutor's remark that "I'm beginning to question whether I would have wanted my own children alongside [the defendant's attorney]" amounted to a personal attack on defense counsel and was plainly out of bounds (*see People v Diaz,* 170 AD2d 202, 203 [1991], *amended on other grounds* 172 AD2d 341 [1991]; *People v Rivera,* 116 AD2d 371, 374 [1986]).

Notwithstanding the prosecutor's inappropriate comments, we find that defendant was not deprived of a fair trial. At the outset, we note that, with one exception at the very end of the prosecutor's summation, defense counsel failed to object to the remarks challenged on this appeal, and no request for a curative instruction or motion for a mistrial was ever made. Accordingly, defendant's claims of error are unpreserved for appellate review (*see* CPL 470.05 [2]).

Although we have the power to reverse based on unpreserved issues as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), we decline to do so in this case. The challenged remarks, improper though they were, cannot be said to have rendered the trial unfair when the record is viewed in its entirety. In this regard, it is significant that, after one of the prosecutor's references to the jurors' children, the trial court, on its own initiative, interrupted and rendered a curative instruction that included the admonition that whether jurors would want their own children in the position of the complainant was "not the issue." Moreover, the People had a solid case against defendant, based chiefly on testimony of the complainant and of defendant's former girlfriend, an adult eyewitness to the alleged wrongdoing. The testimony of these witnesses, if credited by the jury, plainly established defendant's guilt of the crimes charged.

Against the credible testimony of the prosecution witnesses, defendant, in spite of the best efforts of his counsel, could offer only a weak defense. Defendant, whose credibility was undercut by his criminal record, took the witness stand to flatly deny that he had ever been with the complainant on the day in question. Notably, however, defendant's direct testimony did not address where he was in the early afternoon of that day, when the crime allegedly was committed. While defendant claimed on cross-examination that he had been working on a construction project in New Jersey in the early afternoon, he could not offer any evidence or information to substantiate this assertion, not even the name of an employer.* In addition, defense counsel attacked the credibility of the prosecution witnesses by highlighting minor inconsistencies and inaccuracies in their testimony. Defense counsel also pointed out that the former girlfriend had agreed to testify against defendant in exchange for the dismissal of charges against her arising from the same incident.

Taking the entire record into account, we conclude that, notwithstanding the credibility issue that was presented, the evidence against defendant was so overwhelming that there is no reasonable likelihood that the prosecutor's improper comments substantially influenced the outcome of the trial. Therefore, the error of such comments was, under the circumstances, harmless (see People v D'Alessandro, 184 AD2d 114, 120 [1992]). In any event, while we reiterate our strong concern with, and disapproval of, the comments at issue, it cannot be said that the prosecutorial misconduct was "so persistent and egregious as to warrant reversal of the convictions in the interests of justice" (People v Hernandez, 185 AD2d 147, 148 [1992], lv denied 80 NY2d 930 [1992]; compare People v LaPorte, 306 AD2d 93 [2003]).

We have considered and rejected defendant's remaining argument. Concur—Lerner, J.P., Friedman, Marlow and Gonzalez, JJ.

---

* The only other witness the defense called was the principal of the complainant's school, who testified that the school had no record of having released the complainant early on the day of the incident. The principal admitted on cross-examination, however, that the school's attendance records were not necessarily accurate and did not provide a basis for saying with any degree of certainty whether or not the complainant had been released early on the day of the incident.