■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS C. FEWELL, Also Known as CHRIS SAWYER, Appellant. [843 NYS2d 742]—

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered May 3, 2006. The judgment convicted defendant, upon a jury verdict, of rape in the first degree and criminal sexual act in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of rape in the first degree (Penal Law § 130.35 [1]) and criminal sexual act in the first degree (§ 130.50 [1]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (*see People v Gray*, 86 NY2d 10, 19 [1995]), and, in any event, that contention is without merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We also reject defendant's contention that the verdict is against the weight of the evidence (*see generally id.*).

Contrary to the contention of defendant, the photo array from which the victim identified him was not unduly suggestive. Although we conclude upon review of a copy of the photo array that defendant appears to have a lighter skin tone than the other black males portrayed in the photo array, the record establishes that the victim was instructed that the photographs in the array "may not depict the true complexion of a person." Moreover, it is well established that "differences in skin tone alone will not render a lineup unduly suggestive" (*People v Pointer*, 253 AD2d 500, 500 [1998], *lv denied* 92 NY2d 1037 [1998]; *see People v Quinones*, 5 AD3d 1093 [2004], *lv denied* 3 NY3d 646 [2004]). In any event, because there was no issue at trial concerning defendant's identity, any error in County Court's suppression ruling with respect to the photo array is harmless (*see People v Travison*, 46 NY2d 758, 760 [1978], *cert denied* 441 US 949 [1979]).

Contrary to the further contention of defendant, the court did not err in refusing to compel the victim to furnish a handwriting exemplar to enable defendant's handwriting analyst to

compare the victim's handwriting with a note that, according to defendant but denied by the victim, was given to him by the victim. Defendant's motion seeking that relief was supported only by defense counsel's affirmation, and thus defendant failed to provide any evidence establishing a reasonable probability that the note had been written by the victim (*see generally People v Calamia*, 169 Misc 2d 1054, 1056-1057 [1996]).

We reject the further contention of defendant that his waiver of the right to be present during jury selection pursuant to CPL 260.20 was insufficient. The record does not support the contention of defendant that he was excluded from a sidebar conference with a prospective juror, and, in any event, the court informed defendant that he had the right to be present at bench conferences and could exercise that right. Under those circumstances, "defendant's failure to attend the sidebar conferences after being fully informed of the right to do so constitutes a valid waiver of that right" (*People v Inskeep*, 272 AD2d 966, 966 [2000], *lv denied* 95 NY2d 866 [2000]). We further conclude that defendant received meaningful representation, and thus was not deprived of effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Defendant failed to preserve for our review his contention that the prosecutor's comments on summation deprived him of a fair trial and, in any event, defendant's contention lacks merit (*see generally People v Spruill*, 5 AD3d 318, 320 [2004], *lv denied* 3 NY3d 648 [2004]; *People v Crump*, 254 AD2d 742, 742-743 [1998], *lv denied* 92 NY2d 1030, 93 NY2d 968 [1998]; *People v Chislum*, 244 AD2d 944 [1997], *lv denied* 91 NY2d 924 [1998]).

The record of the hearing on defendant's motion to suppress the testimony of a jail inmate concerning admissions made to him by defendant fully supports the court's conclusion that the inmate was not acting as an agent of law enforcement authorities at the time of his conversation with defendant, and thus the court properly denied defendant's motion to suppress the jail inmate's testimony (*see People v Cardona*, 41 NY2d 333, 335 [1977]; *People v Keith*, 23 AD3d 1133, 1134 [2005], *lv denied* 6 NY3d 815 [2006]; *cf. Massiah v United States*, 377 US 201, 205-207 [1964]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Gorski, Lunn, Fahey and Peradotto, JJ.