■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO NEGRON, Appellant. [625 NYS2d 73] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered March 31, 1993, convicting him

of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied his statutory right to exercise peremptory challenges because the trial court seated a prospective juror whom his counsel had sought to eliminate. This issue is unpreserved for appellate review *(see,* CPL 470.05 [2]), and, in any event, it was waived when defense counsel withdrew his challenge. The defendant also contends that the trial court improperly rejected as pretextual defense counsel's explanation, in response to the prosecutor's *Batson* objection *(see, Batson v Kentucky,* 476 US 79), that he had challenged the prospective juror in question because her nephew had recently died from drug-related causes. However, the record reveals that defense counsel withdrew the challenge before the court made its determination.

The factual showing at the *Hinton* hearing *(see, People v Hinton,* 31 NY2d 71, *cert denied* 410 US 911), was sufficient to support the closure of the courtroom during the undercover police officers' testimony *(see, People v Martinez,* 82 NY2d 436).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80, 83). Bracken, J. P., Thompson, Hart and Goldstein, JJ., concur.