■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN CALDWELL, Appellant. [666 NYS2d 133] —Judgment, Supreme Court, Bronx County (Nicholas Iacovetta, J.), rendered January 10, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and resisting arrest, and sentencing him, as a second felony offender, to two concurrent terms of 5 to 10 years and a concurrent prison term of 1 year, respectively unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence.

Defendant's claim that the laboratory reports submitted to the Grand Jury failed to meet the requirements of CPL 190.30 (2) and that the evidence before the Grand Jury was therefore insufficient is not reviewable on this appeal from a judgment of conviction (CPL 210.30 [6]; *People v Cerda*, 236 AD2d 292).

Defendant's express waiver of his *Batson* claim renders this claim unreviewable (*see, People v Negron*, 214 AD2d 588, 589, *lv denied* 86 NY2d 738).

Contrary to defendant's claim, the amount of money recovered from him was admissible since it tended to corroborate the testimony of the observing officer that there was an exchange of currency (*People v Porch*, 212 AD2d 360, 361, *lv denied* 86 NY2d 845) and since it demonstrated defendant's intent to sell narcotics.

The court's restriction of defendant's cross-examination of the observing officer was a proper exercise of discretion.

We have considered defendant's other arguments, including those contained in his *pro se* supplemental brief, and find them to be unpreserved and without merit. Concur—Murphy, P. J., Sullivan, Rubin, Tom and Mazzarelli, JJ.