■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK BURNETT, Appellant. — Motion for reconsideration granted to the extent that the memorandum decision of the court dated November 7, 1984 (105 AD2d 1107) is amended to read as follows: The court did not err in failing to inquire into the good-faith basis for the prosecutor's questioning of the defendant concerning threats he may have communicated through another to a prosecution witness.

Defense counsel made no objection at the time the prosecutor made inquiry of defendant. The application made before defendant testified did not preserve the issue for review. The specific

objection defense counsel voiced in that application was that the statement relied upon by the prosecutor was "not under oath and there's no way I can cross-examine in regard to that." The application was properly denied, for there is no requirement that information used by a prosecutor to cross-examine a defendant be under oath. "[A] specific objection placed on an untenable ground waives all other valid grounds which might have been but were not raised" (Fisch, NY Evidence [2nd ed], § 20). Defense counsel never requested the court to inquire into the prosecutor's good-faith basis for the cross-examination, nor did he object that the information possessed by the prosecutor, except for the fact it was not under oath, was insufficient to justify the cross-examination in good faith. Had he done so the prosecutor would have had an opportunity to establish the basis for the cross-examination (see *Matter of Budziejko,* 277 App Div 829).

We find that the comments made by the prosecutor in her summation were not significantly prejudicial to warrant reversal.

Finally, the trial court's instruction on flight was correct, and the court properly refused to charge as defendant requested. Present — Callahan, J. P., Doerr, Denman, Boomer and O'Donnell, JJ.