■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DORIAN DAUGHTRY, Appellant. [610 NYS2d 54] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered July 8, 1991, convicting him of manslaughter in the first degree and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Following an argument between his brother and a group of men at a Brooklyn bodega, the defendant returned to the store, found the men standing on the corner and fired several shots into the crowd. When someone shot at him from across the street, the defendant turned and returned fire in that direction. One of those bullets passed through the door of a car in which nine-year-old Veronica Corales was sleeping, struck her in the head, and killed her.

We agree with the defendant that the court erred in admitting into evidence a photograph of the victim while she was alive. Like photographs of a victim's corpse *(see, People v Pobliner,* 32 NY2d 356, *cert denied* 416 US 905), photographs of a victim taken while he or she is alive may arouse the jury's emotions and, therefore, should not be admitted unless relevant to a material fact to be proved at trial *(see, People v Stevens,* 76 NY2d 833). The photograph of the smiling, young victim was not relevant to any issue at trial and, undoubtedly, evoked sympathy from the jury. However, the error was harmless in light of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230), which included identification testimony from three eyewitnesses to the shooting.

There is no merit to the defendant's contention that he was denied his constitutional right to confront his accusers when the court refused to unseal the record of conviction of one of the eyewitnesses. The witness was arrested for assault and driving a vehicle with an improper VIN number. He pleaded guilty to disorderly conduct, and, because the conviction is a violation, the records were sealed *(see,* CPL 160.55 [1] [c]). There was no Sixth Amendment violation in denying the defendant access to the sealed record since he failed to demonstrate that the information would tend to show the witness's bias in favor of the prosecution or hostility toward the defendant *(see, People v Gissendanner,* 48 NY2d 543; *People v Acevedo,* 176 AD2d 886). The witness was convicted before the shooting in the present case, and he had no pending matters which might have motivated him to curry favor with the People. "[T]he Constitution did not confer 'a right in every case to impeach the general credibility of a witness through cross-examination about his *past* delinquency adjudications or criminal convictions' " (emphasis added; *People v Gissendanner, supra,* at 549, quoting *Davis v Alaska,* 415 US 308, 321).

Having failed to object to the verdict sheet at trial, the

defendant's present contention that it is defective is unpreserved for appellate review *(see,* CPL 470.05 [2]). In any event, it was not error for the court to include instructions on how to proceed from one count to the next *(see, People v Nimmons,* 72 NY2d 830; *People v Vargas,* 199 AD2d 291; *People v McCray,* 182 AD2d 838; *People v Campbell,* 170 AD2d 982).

The defendant's remaining contentions are without merit. Bracken, J. P., O'Brien, Pizzuto and Altman, J.J., concur.