■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR BOSQUEZ, Appellant. [621 NYS2d 657] —Appeal by the

defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered February 24, 1992, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that he was deprived of a fair trial because the prosecutor used one of his peremptory challenges to exclude a Hispanic female from the jury panel *(see, Batson v Kentucky,* 476 US 79). The prosecutor explained that his challenge was based on the woman's answer regarding the assessment of witness credibility. In addition, the record establishes that a non-Hispanic male who had voiced the same concerns regarding witness credibility was also peremptorily challenged. Since a nonracial basis existed for challenging the Hispanic female juror, and the racially-neutral criteria used appears to have been extended to the entire venire, the proscriptions of *Batson* were not violated *(see, People v Hernandez,* 75 NY2d 350, 357-358, *affd* 500 US 352; *People v Howard,* 143 AD2d 943). The defendant's *Batson* claim with respect to the court's failure to require the prosecutor to offer a race-neutral explanation for his challenge regarding a Hispanic male excluded from the panel is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Cruz,* 200 AD2d 581; *People v Bowman,* 185 AD2d 891). In any event, the record clearly establishes race-neutral reasons for the prosecutor's challenge to this juror.

We also find that the court adequately confirmed the jury's impartiality by questioning prospective jurors regarding their contact with the defendant's family outside of the courtroom. After the court discovered that three prospective jurors had spoken to relatives of the defendant, the court individually questioned them and ultimately removed all three from the panel. The court also asked these prospective jurors whether they had told anyone else on the jury panel about the conversation and questioned the remaining members of the jury panel as to their contact with the defendant's family. In view of these inquiries, and the defendant's failure to establish that he was prejudiced by the proclamations of his innocence by his relatives, the court's denial of the motions to disband the jury was not an improvident exercise of its discretion *(see, People v Testa,* 61 NY2d 1008, 1009; *People v Richardson,* 185 AD2d 1001; *People v Sims,* 110 AD2d 214).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Altman, Friedmann and Florio, JJ., concur.