■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH THOMPSON, Appellant. [631 NYS2d 852] —Judgment, Supreme Court, New York County (Ronald Zweibel, J.), rendered March 23, 1993, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees and coercion in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of 6 to 12 years, $3^1/_2$ to 7 years and 2 to 4 years, respectively, unanimously affirmed.

Defendant's claims that the court improperly modified its *Sandoval* ruling to permit reference to a prior conviction involving a gun and that the prosecutor compelled defendant

to characterize the People's witnesses as liars are unpreserved for appellate review as a matter of law (*see, People v Fleming*, 70 NY2d 947), and we decline to review them in the interest of justice. In any event, if we were to review these claims, we would find that neither warrants corrective action. Defendant's hearing testimony making reference to a gun was inconsistent with his trial testimony and thus properly admitted for purposes of impeachment (*People v Fardan*, 82 NY2d 638) with appropriate limiting instructions. Moreover, the evidence against defendant was overwhelming, rendering error, if any, in this regard harmless. As for prosecutorial misconduct, at no time was defendant asked to characterize the People's witnesses as "liars" or as "lying", but simply whether any testimony contrary to his own was not "true" (*People v Butler*, 185 AD2d 141), and, here too, any overzealousness on the part of the prosecutor was harmless in view of the overwhelming evidence of guilt. We perceive no abuse of sentencing discretion. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Tom, JJ.