■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN SPENCER, True Name HERMAN POWELL, Appellant. [640 NYS2d 512] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered January 5, 1994, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, to run consecutively to a sentence of 7¹/₂ to 15 years imposed on a Kings County conviction, and order of the same court and Justice, entered on or about May 10, 1995, which denied defendant's motion to vacate the judgment of conviction pursuant to CPL 440.10, unanimously affirmed.

Viewing the evidence in a light most favorable to the People (*People v Contes*, 60 NY2d 620, 621), it was legally sufficient to establish defendant's guilt of murder in the second degree. Upon an independent review of the facts, we find that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Defendant's contention that he was deprived of a fair trial by the prosecutor's cross-examination of him is without merit. At no time was defendant asked to characterize the People's witnesses as "liars" or as "lying", but rather was asked whether their testimony, which contradicted his own, was not "true" (*compare, People v Thompson*, 220 AD2d 239, *with People v Kim*, 209 AD2d 167, *and People v Ortiz*, 207 AD2d 279, *lv denied* 84 NY2d 909). Since none of the currently challenged comments of the prosecutor during summation were objected to at trial, any error in this regard has not been preserved for appellate review as a matter of law (CPL 470.05 [2]; *People v Balls*, 69 NY2d 641). Review in the interest of justice is not warranted since the comments fell within " 'the four corners of the evidence' " (*People v Ashwal*, 39 NY2d 105, 109), and constituted a proper response to defense counsel's summation in which he attacked the credibility of the prosecution witnesses (*People v Galloway*, 54 NY2d 396). Moreover, the prosecutor did not shift the burden of proof by commenting on defendant's failure to call a material witness, where defendant presented evidence at trial (*People v Tankleff*, 84 NY2d 992).

The trial court properly denied defendant's motion to vacate the judgment of conviction without a hearing since he failed to demonstrate that the facts sought to be established were mate-

rial and would entitle him to relief (*People v Satterfield*, 66 NY2d 796, 799). Defendant's allegations failed to support a claim of ineffective assistance. Specifically, there is no showing, other than speculation, that if counsel had held further interviews with defendant, or had hired or sought the appointment of an investigator, that this could have had any effect on the outcome of the trial. Concur—Murphy, P. J., Milonas, Ross, Nardelli and Tom, JJ.