■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM BORIA, Appellant. [657 NYS2d 978] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered May 20, 1996, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Miller, J. P., Thompson, Joy and Luciano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CASTON, Appellant. [657 NYS2d 979] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered October 17, 1995, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

As the defendant did not promptly object when the court required the People to offer race-neutral explanations for only two of the five black venirepersons stricken by their peremptory challenges, his contention that the court should have requested explanations for the exclusion of all five black jurors is unpreserved for appellate review (see, People v Font, 223 AD2d 600).

Although the trial court erred in failing to provide the requested readback of relevant cross-examination testimony of the undercover officer, such failure is not reversible error as it did not seriously prejudice the defendant (see, People v Lourido, 70 NY2d 428). The information was elicited elsewhere in the examination of the witness and was read to the jury.

The sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80). Mangano, P. J., Joy, McGinity and Luciano, JJ., concur.