■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD WEATHERLY, Also Known as CALVIN BAKER, Appellant. [668 NYS2d 368] —Judgment, Supreme Court, New York County (Alfred Donati, J.), rendered May 5, 1993, convicting defendant, after a jury trial, of robbery in the second degree and attempted robbery in the second degree, and sentencing him, as a second violent felony offender, to consecutive terms of 7½ to 15 years and 3½ to 7 years, respectively, unanimously affirmed.

Defendant was properly arraigned on a valid and sufficient accusatory instrument (*People v Ford*, 62 NY2d 275). Defendant was provided with "a copy of the indictment" at arraignment (CPL 210.15 [1]); he has failed to overcome the presumption of regularity in connection with the voting, execution and recording of the indictment, as attested to by the appropriate Court Clerk, acting under official duty (*People v Dominique*, 90 NY2d 880); and the record indicates that, as required by the provisions of CPL 200.50 (8), the original indictment was duly

signed by the Grand Jury foreperson (*see, Brotherton v People,* 75 NY 159, 162).

The court properly admitted the audiotape of the police chase of defendant that led to his arrest, under the present sense exception to the hearsay rule, and as probative of issues raised by defendant regarding identification and credibility of the apprehending officers (*see, People v Buie,* 86 NY2d 501). That the audiotape corroborated the testimony of the apprehending officers, who were subject to cross-examination by the defense, did not render the audiotape inadmissible (*supra; see also, People v Sanchez,* 216 AD2d 207, *lv denied* 87 NY2d 850).

Since defendant chose to present his defense in terms of questioning the veracity of the People's witnesses, it was permissible for the prosecutor to ask defendant whether testimony that contradicted his own was "factual" or "inaccurate" (*see, People v Spencer,* 226 AD2d 160, *lv denied* 88 NY2d 995; *People v Thompson,* 220 AD2d 239, *lv denied* 87 NY2d 851). We see no reason to disturb the court's ruling rejecting defendant's claim that the prosecutor's cross-examination of defendant was conducted in a "sarcastic" manner and in light of the overwhelming evidence against defendant, any error would be harmless (*see, People v Thompson, supra*).

The prosecutor's questioning of defendant regarding his use of aliases was in accordance with the court's *Sandoval/Molineux* ruling (*see, People v Fardan,* 82 NY2d 638, 645-646). Further, the court sustained defendant's general objection to the prosecutor asking defendant whether he was "surprised" by questions regarding prior convictions and since defendant requested no further relief, his current claim of undue prejudice is unpreserved (*see, People v Rodriguez,* 217 AD2d 422, *lv denied* 86 NY2d 874), and we decline to review it in the interest of justice. In any event, in light of the overwhelming evidence against defendant, any error would be rendered harmless (*supra*).

Defendant's additional claims of error are unpreserved and we decline to review them in the interest of justice. Concur—Rosenberger, J. P., Wallach, Rubin, Williams and Tom, JJ.