■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RIVERS, Appellant. [682 NYS2d 218] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered November 21, 1995, convicting him of leaving the scene of an incident without reporting and unlawfully operating a motor vehicle on a public highway, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the prosecutor employed a peremptory challenge during jury selection in a racially-discriminatory manner (*see, Batson v Kentucky,* 476 US 79) is unpreserved for appellate review inasmuch as the defendant failed to raise the claim he now makes on appeal (*see, People v Allen,* 86 NY2d 101). In any event, the claim is without merit. The prosecutor's reason, i.e., that the juror would not be able to follow testimony and evaluate the evidence in the case based on the juror's response to her hypothetical question was race-neutral, the prosecutor actually questioned the challenged juror, asked the same question of all the other jurors, and her reason was based on "hard data" (*People v Richie,* 217 AD2d 84, 89). The trial court correctly determined that the defendant failed to meet his burden of demonstrating that the disputed challenge was the product of purposeful discrimination (*see, Purkett v Elem,* 514 US 765; *People v Payne,* 88 NY2d 172). Bracken, J. P., Ritter, Santucci and Altman, JJ., concur.