■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN REDDING, Appellant. [694 NYS2d 673] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Friedman, J.), rendered January 11, 1996, convicting him of

murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During jury selection, the defendant objected, pursuant to *Batson v Kentucky* (476 US 79), to the prosecution's exercise of a peremptory challenge. The trial court accepted the prosecution's explanation for the challenge and dismissed the juror. On appeal, the defendant contends that the court erred in allowing the challenge.

The defendant's contention, raised in his supplemental *pro se* brief, is unpreserved for appellate review. The prosecution satisfied its obligation to provide a facially-neutral reason for rejecting the challenged juror (*see, People v Payne,* 88 NY2d 172, 181; *People v Allen,* 86 NY2d 101, 109-110). The burden then shifted to the defendant to demonstrate that the offered explanation was pretextual (*see, People v Payne, supra,* at 181). The defendant did not object during jury selection to the prosecution's explanation regarding the subject juror, and did not articulate the claim he now makes on appeal (*see, People v Allen, supra,* at 110-111; *People v West,* 243 AD2d 590). The defendant failed to meet his burden of demonstrating that the disputed challenge was the product of purposeful discrimination (*see, Purkett v Elem,* 514 US 765; *Hernandez v New York,* 500 US 352, 364-365; *People v Payne, supra*).

The defendant did not waive his rights pursuant to *People v Antommarchi* (80 NY2d 247), to be present during a particular sidebar discussion with a prospective juror concerning the juror's background. However, his contention that he was denied the right to be present at a material stage of the trial is not reviewable since he failed to make a sufficient record in this regard (*see, People v Maher,* 89 NY2d 318, 325; *see also, People v Kinchen,* 60 NY2d 772, 773-774).

The defendant's remaining contention is without merit. Bracken, J. P., Goldstein, McGinity and Schmidt, JJ., concur.