THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MORRIS, Appellant. [700 NYS2d 897] —Judgment unanimously affirmed. Memorandum: Contrary to the contention of defendant, there is legally sufficient evidence in the record to support his conviction of robbery, assault and criminal mischief based upon accessorial criminal liability (Penal Law § 20.00). The testimony of the victims and other witnesses establishes that defendant assaulted one of the victims with larcenous intent. Additionally, the injury inflicted upon the second victim and the theft of the property from and damage to the victims' automobile were the " 'culmination of a continuum of events in which [defendant] participated and continued to participate' " (*People v Little*, 186 AD2d 1072, *lv denied* 81 NY2d 1075, quoting *People v Bosque*, 78 AD2d 986, *lv denied* 52 NY2d 901, *cert denied* 451 US 992).

We agree with defendant that the People should have complied with *People v Ventimiglia* (52 NY2d 350, 361-362) and CPL 240.30 before offering testimony that defendant's initial words to the victims were "I just got out of jail. I'm on parole" and that defendant displayed a set of brass knuckles just before assaulting one of the victims. Defendant objected in both instances. Evidence of the brass knuckles was admissible on the issue of defendant's intent (*see, People v Morales*, 190 AD2d 1064, *lv denied* 81 NY2d 974; *see also, People v Alvino*, 71 NY2d 233, 241-243; *People v Molineux*, 168 NY 264, 291-294). Although the prejudicial effect of defendant's statement concerning jail and parole outweighed its probative value (*see, People v Ely*, 68 NY2d 520, 530-532; *People v Ventimiglia, supra,* at 359-360), the error is harmless. The proof of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (*see, People v Sanchez*, 261 AD2d 997; *People v Watkins*, 229 AD2d 957, *lv denied* 89 NY2d 931).

Defendant also contends that he was deprived of a fair trial by prosecutorial misconduct. With respect to the instances of alleged misconduct that are preserved for our review, we conclude that the prosecutor did not err in asking defendant on cross-examination whether testimony of prosecution witnesses that conflicted with defendant's testimony was "incorrect" (*see, People v Weatherly*, 246 AD2d 340, 341, *lv denied* 91 NY2d 946; *People v Overlee*, 236 AD2d 133, 138-139, *lv denied* 91 NY2d 976; *People v Spencer*, 226 AD2d 160, *lv denied* 88 NY2d 995), nor did he err in eliciting on cross-examination that defendant had an interest in the outcome of the case. The contention that in cross-examining defendant the prosecutor improperly suggested that defendant fabricated his testimony after hearing the prosecution witnesses is not preserved for our review (*see*, CPL 470.05 [2]; *People v Romanelli*, 239 AD2d 940, 941, *lv denied* 90 NY2d 910). Defendant also failed to preserve for our review his contention that the prosecutor on summation improperly expressed his personal belief that defendant was guilty. We decline to exercise our power to reach those contentions as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). (Appeal from Judgment of Monroe County Court, Bristol, J.—Robbery, 2nd Degree.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.