■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOSES J. WILSON, Appellant. [700 NYS2d 789] —Judgment unanimously affirmed. Memorandum: Defendant failed to challenge as pretextual the prosecutor's reason for peremptorily challenging an African-American prospective juror and thus failed to preserve his present contention for our review (*see, People v Holman*, 216 AD2d 488, *lv denied* 86 NY2d 796). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

Defendant further contends that prosecutorial misconduct during cross-examination of defendant denied him a fair trial. Defendant effectively waived his objection to the prosecutor's reference to 911 call records not in evidence by objecting only on untenable discovery grounds (*see, People v Burnett*, 106 AD2d 920, 921). In any event, County Court properly admonished the jury concerning the reference to 911 records not in evidence. It was not improper to ask whether prosecution witnesses were mistaken (*see, People v Morris*, 267 AD2d 1032 [decided herewith]; *People v Weatherly*, 246 AD2d 340, 341, *lv*

*denied* 91 NY2d 946; *People v Overlee,* 236 AD2d 133, 138-139, *lv denied* 91 AD2d 976). Except for a single objection that was sustained, defendant failed to preserve for our review his contention that the prosecutor improperly asked him on cross-examination whether prosecution witnesses were lying (*cf., People v Paul,* 212 AD2d 1020, 1021, *lv denied* 85 NY2d 912; *People v Jarrells,* 190 AD2d 120, 125). In any event, we conclude that defendant was not thereby denied a fair trial (*see, People v Crump,* 254 AD2d 742, 742-743, *lv denied* 92 NY2d 1030, 93 NY2d 968; *People v Chislum,* 244 AD2d 944, *lv denied* 91 NY2d 924).

The court erred in admitting in evidence photographs taken during an unlawful warrantless search of defendant's apartment (*see, People v Bost,* 264 AD2d 425). Those photographs, however, are merely cumulative of other evidence, and thus their admission is harmless error (*see, People v Crimmins,* 36 NY2d 230, 237).

According the jury's resolution of credibility issues the great deference to which it is entitled (*see, People v Bleakley,* 69 NY2d 490, 495; *People v Yourdon,* 149 AD2d 974, 975, *lv denied* 74 NY2d 749), we conclude that the verdict is not against the weight of the evidence.

With regard to the issues raised in defendant's *pro se* supplemental brief, by failing to move to dismiss the indictment within five days after his arraignment, defendant waived his contention that he was wrongfully denied the opportunity to appear before the Grand Jury (*see,* CPL 190.50 [5] [c]; *People v Halm,* 180 AD2d 841, 842, *affd* 81 NY2d 819; *People v Duran,* 266 AD2d 230); the verdict acquitting defendant of attempted rape in the first degree and convicting him of sexual abuse in the first degree is not repugnant (*see, People v Pilich,* 128 AD2d 903, *lv denied* 70 NY2d 653); and the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Sexual Abuse, 1st Degree.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Balio, JJ.