■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY FIGUEROA, Appellant. [714 NYS2d 241] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered April 24, 1998, convicting him of burglary in the second degree, petit larceny, criminal mischief in the fourth degree, criminal possession of stolen property in the fifth degree, and possession of burglar tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During jury selection, the defense raised an objection pursuant to *Batson v Kentucky* (476 US 79), regarding the prosecution's use of peremptory challenges to exclude black panelists from the jury. The prosecution satisfied its obligation to provide facially race-neutral explanations for its challenges (*see, People v Allen,* 86 NY2d 101, 104). The burden then shifted to the defendant to show that the explanations offered were pretextual (*see, Purkett v Elem,* 514 US 765; *People v Allen, supra,* at 104;

*People v Moore,* 231 AD2d 532; *People v Rudd,* 225 AD2d 710; *People v Richie,* 217 AD2d 84). The defendant's contentions on appeal with respect to the explanations offered are unpreserved for appellate review, since the defendant did not address the merits of the prosecution's facially-neutral explanations at trial (*see,* CPL 470.05 [2]; *People v Allen, supra,* at 111). In any event, the explanations were not pretextual. Accordingly, the motion was properly denied.

The defendant contends that the Supreme Court failed to require the People to provide race-neutral explanations for their peremptory challenges to certain jurors during the first two rounds of voir dire, after the court ruled in the third round that a prima facie case of discrimination was established. However, this contention is unpreserved for appellate review, as the defense counsel never requested explanations for the challenges exercised during the first two rounds (*see,* CPL 470.05 [2]; *People v Caston,* 239 AD2d 355; *People v Font,* 223 AD2d 600, 601; *People v Negron,* 214 AD2d 588; *People v Bosquez,* 211 AD2d 727; *People v Cruz,* 200 AD2d 581).

The defendant's remaining contentions are without merit. Bracken, J. P., Ritter, Thompson and S. Miller, JJ., concur.