■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY MEDARO, Appellant. [715 NYS2d 646] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Perone, J.), rendered March 25, 1999, convicting him of attempted murder in the second degree, assault in the first degree, attempted robbery in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In response to the prosecutor's exercise of a peremptory challenge against a black female venireperson, the defense counsel raised a challenge pursuant to *Batson v Kentucky* (476 US 79). The prosecutor provided an explanation for the peremptory challenge, and although defense counsel argued that the explanation was pretextual, the trial court accepted the prosecutor's explanation as race-neutral and dismissed the venireperson. On appeal, the defendant claims that this was error. We disagree.

Where, as here, the prosecutor offers a facially race-neutral reason for his or her challenge, the burden shifts to the defendant to show that the explanation offered was pretextual (*see, Purkett v Elem,* 514 US 765; *People v Allen,* 86 NY2d 101, 104; *People v Moore,* 231 AD2d 532; *People v Rudd,* 225 AD2d 710; *People v Richie,* 217 AD2d 84). The defendant failed to demonstrate that the peremptory challenge was racially-motivated. Accordingly, the trial court's ruling was proper.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review, as he failed to raise the issue before the trial court (*see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858, 859; *People v Vega,* 183 AD2d 864, 865). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defense counsel's failure to move to reopen the case during jury deliberations does not, under the circumstances of this case, demonstrate that the defendant received ineffective assistance of counsel (*see, People v Benevento,* 91 NY2d 708; *People v Baldi,* 54 NY2d 137; *People v Lam,* 226 AD2d 554).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Krausman, J. P., Florio, Luciano and Schmidt, JJ., concur.