OPINION OF THE COURT
David D. Egan, J.
This is a death penalty case. Defendant moves in limine for an order barring the People from introducing photographs of the deceased victims during their lives, or testimony of the deceased victims’ family members identifying the deceased victims’ bodies, and/or concerning how they were notified of the victims’ death. In the alternative, defendant is willing to stipulate to facts regarding the identification of the deceased victims’ bodies. The People oppose defendant’s motion.
*645 The People intend to introduce photographs of the two deceased victims at trial. The photograph of the first victim depicts her wearing a strapless evening dress, sandals, a broad smile on her face, with a night cityscape in the background. The photograph of the second victim is a closeup of her face. The Court of Appeals has held that a trial court should not admit the live photographs of a deceased victim, especially in “before-and-after format,” unless they are “relevant to a material fact to be proved at trial.” (People v Stevens, 76 NY2d 833, 835 [1990].) “[T]he relevance of the portraits must be independently established; the fact that photographs of the victim after death have been found to be relevant does not necessarily establish the relevance, and hence admissibility, of portraits of the victim while alive.” (Id. at 835-836; see also, People v Donohue, 229 AD2d 396, 398 [2d Dept 1996] [at trial, the identity of the deceased victim was stipulated, thus reversible error for court to permit a six-year-old wedding photograph of the decedent to be admitted]; People v Daughtry, 202 AD2d 686, 687 [2d Dept], lv dismissed 84 NY2d 906 [1994] [error to admit photograph of smiling young victim that evoked jury’s sympathy, which was irrelevant to any issue at trial].)
The People maintain the photograph of the first victim is relevant to a material fact; that is, that a witness will be able to identify her as he observed her with defendant on the evening before her death, near both the location where the witness heard screams, and where the victim’s body was found. But defendant asserts the photograph depicting the first victim while alive forms a stark contrast to her after-death photographs, and is designed merely to inflame the jury.
The People similarly intend to offer the testimony of three witnesses who observed the second victim with defendant the evening before her body was found. The People emphasize that both victims were unrecognizable in photographs after death due to their wounds. This Court finds that the live photographs of both victims are independently “relevant to a material fact to be proved at trial,” and thus admissible during its guilt phase. (See id.)
Next, defendant argues that since both bodies were identified through fingerprint analysis, identification testimony by the victims’ family members would be irrelevant, and highly prejudicial, citing People v Miller (6 NY2d 152, 157 [1959]). Defendant also seeks to bar the People from offering testimony concerning how family members were notified of the victims’ death. Defendant emphasizes that such “victim impact” *646 testimony is uniquely prejudicial in a capital trial, because the jury likely will view it as an aggravating factor in the penalty phase in contravention of Criminal Procedure Law § 400.27 (3). Defendant avers his offer to stipulate to certain facts renders such testimony wholly irrelevant.
This Court will not impose a blanket prohibition restricting the People from presenting testimony of the victims’ family members. Nor will the Court compel the People to stipulate to facts in exchange for withholding testimony. Instead, mindful of both defendant’s concerns and the restriction outlined in CPL 400.27, this Court will address specific objections as they arise at trial.
Defendant’s motion entitled DEF-75 is denied in its entirety.