THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHEEM HARRIS, Appellant. [756 NYS2d 813] —Appeal from a judgment of Ontario County Court (Henry, Jr., J.), entered February 14, 2001, convicting defendant after a jury trial of, inter alia, robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant failed to preserve for our review his contention that County Court erred in failing to conduct an inquiry or provide a curative instruction after being informed that a juror had allegedly seen defendant in shackles (*see* CPL 470.05 [2]; *People v Dawson*, 125 AD2d 860, 861 [1986], *lv*

*denied* 69 NY2d 879 [1987]; *see also People v Fioravantes,* 229 AD2d 784, 786 [1996], *lv denied* 89 NY2d 920 [1996]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). We reject defendant's contention that the court's *Sandoval* ruling constitutes an abuse of discretion (*see People v Hayes,* 97 NY2d 203, 207-208 [2002]). Defendant's further contention that the court erred in failing to have the voir dire recorded is not properly before us because defendant's attorney expressly waived the recording of voir dire (*see People v Vasquez,* 89 NY2d 521, 533 [1997]). The verdict is not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495 [1987]). Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Pine, Gorski and Hayes, JJ.