■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD ALSTON, Appellant. [763 NYS2d 764] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosengarten, J.), rendered July 13, 2000, convicting him of robbery in the first degree (two counts) and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the fourth round of jury selection, the prosecutor raised a reverse *Batson* objection (*see Batson v Kentucky,* 476 US 79 [1986]) when the defense counsel exercised a peremptory challenge against a white prospective juror. The defense counsel, who had previously exercised seven out of nine peremptory challenges to strike white prospective jurors, offered a brief race-neutral explanation for challenging the subject juror. The trial court rejected the defense counsel's explanation as pretextual and disallowed the challenge. Since this determination is supported by the record, it will not be disturbed on appeal (*see People v Ramirez,* 298 AD2d 413 [2002]; *People v Chapman,* 295 AD2d 359 [2002]; *People v Brown,* 280 AD2d 609 [2001]).

Later in the jury selection process, the defense counsel also raised a *Batson* claim, arguing that the prosecutor improperly challenged a black prospective juror. However, the prosecutor offered several race-neutral reasons for this challenge, including the fact that the subject juror appeared to have been sleeping during part of the proceedings. The burden then shifted to the defendant to prove that the prosecutor had used the peremptory challenge in a racially-discriminatory fashion (*see People v Payne,* 88 NY2d 172, 183 [1996]; *People v Baldwin,* 297 AD2d 818 [2002]; *People v White,* 289 AD2d 270 [2001]). The defendant failed to satisfy that burden by demonstrating that the reasons given by the prosecutor were pretextual (*see People v Payne, supra*), and thus the trial court properly denied his *Batson* challenge.

Furthermore, considering the totality of the circumstances existing at the time of the representation, the defendant was provided with meaningful assistance from his trial counsel (*see People v Benevento,* 91 NY2d 708, 712 [1998]; *People v Baldi,* 54 NY2d 137, 146 [1981]).

Finally, although it could have been more explicit, the trial court complied with the requirements of Penal Law § 70.10 (2) by adequately setting forth the reasons why "extended incarceration and life-time supervision [of the defendant are warranted to] best serve the public interest" (Penal Law § 70.10

[2]; *see People v Garcia,* 280 AD2d 682 [2001]; *People v Smith,* 254 AD2d 377 [1998]). Altman, J.P., Krausman, Luciano and Crane, JJ., concur.