Appeal from a judgment of Erie County Court (DiTullio, J.), entered April 18, 2001, convicting defendant after a jury trial of, inter alia, burglary in the first degree (two counts).
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]), two counts of burglary in the first degree (§ 140.30 [2], [3]), and other offenses. The contention of defendant that he was denied the right to be present at all material stages of trial is not reviewable because he failed to provide “an adequate record for appellate review” (People v Velasquez, 1 NY3d 44, 48 [2003]; see People v Maher, 89 NY2d 318, 325 [1996]; People v Jones, 289 AD2d 962, 963 [2001], lv denied 98 NY2d 652 [2002]; People v Mauleon, 266 AD2d 66, 67 [1999], lv denied 94 NY2d 922 [2000]; People v Redding, 262 AD2d 663, 664 [1999], lv denied 93 NY2d 1045 [1999]). By presenting evidence after County Court denied his motion to dismiss the second, third, and fourth counts of the indictment at the close of the People’s proof, defendant waived review of *933 that determination, and he failed to renew the motion at the close of all the proof (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]; People v Zeigler, 305 AD2d 1100, 1101 [2003]). The verdict is not against the weight of the evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]).
The court properly denied defendant’s requests to charge criminal trespass in the second degree as a lesser included offense of burglary in the first degree under the third count of the indictment, and burglary in the second degree as a lesser included offense of burglary in the first degree under the fourth count of the indictment. No reasonable view of the evidence supports a finding that defendant committed the lesser offenses but not the greater (see generally People v Glover; 57 NY2d 61, 63 [1982]). Defendant failed to preserve for our review his contention that the prosecutor improperly cross-examined him regarding uncharged crimes or bad acts (see CPL 470.05 [2]). In any event, that contention is without merit. The court did not abuse its discretion in declining to consider defendant’s pro se motion to set aside the verdict pursuant to CPL 330.30. A defendant who is represented by counsel “cannot, as of right, make motions,” and the decision whether to consider a pro se motion when the defendant is represented by counsel lies within the sound discretion of the trial court (People v Rodriguez, 95 NY2d 497, 501 [2000]). The sentence is neither unduly harsh nor severe. We have considered defendant’s remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Pine, Hurlbutt, Kehoe and Hayes, JJ.