■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK BAXTER, Appellant. [789 NYS2d 916]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (West, J.), rendered July 10, 2002, convicting him of murder in the second degree (12 counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of 12

counts of murder in the second degree. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]).

The defendant failed to preserve for appellate review his contention that the prosecution exercised a peremptory challenge to remove a black venireperson in violation of *Batson v Kentucky* (476 US 79 [1986]) (see *People v James*, 99 NY2d 264 [2002]; *People v Figueroa*, 276 AD2d 561, 562 [2000]; *People v Caston*, 239 AD2d 355 [1997]; *People v Font*, 223 AD2d 600 [1996]; *People v Cruz*, 200 AD2d 581 [1994]). In any event, the defendant's contention is without merit. The Supreme Court ultimately accepted the prosecution's racially-neutral explanation as to why it used its peremptory challenge, and the defendant failed to meet his burden of proving that the prosecution's reasons were pretextual (see *People v Smocum*, 99 NY2d 418, 422 [2003]; *People v Medaro*, 277 AD2d 252, 253 [2000]; *People v Rivers*, 255 AD2d 463 [1998]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, either are unpreserved for appellate review or without merit. Schmidt, J.P., Santucci, Luciano and Mastro, JJ., concur.