THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRELL THOMPSON, Appellant. [824 NYS2d 682]—

Appeal by the defendant from a judgment of the County Court, Nassau County (LaPera, J.), rendered March 4, 2005, convicting of him murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the County Court erred in denying his *Batson* challenge (*see Batson v Kentucky*, 476 US 79 [1986]) because the prosecutor's explanations for striking two black prospective jurors were pretextual. However, since the defendant raised no objection to the prosecutor's explanations regarding those prospective jurors, his present contention is unpreserved for appellate review (*see People v Dandridge*, 26 AD3d 779 [2006]; *People v Harris*, 294 AD2d 375 [2002]; *People v Sumpter*, 286 AD2d 450 [2001]). In any event, the defendant's challenge was properly denied because he failed to satisfy his burden of demonstrating, under the third prong of the *Batson* analysis, that the facially race-neutral explanations given by the prosecutor were a pretext for racial discrimination (*see People v Payne*, 88 NY2d 172, 183 [1996]; *People v Gully*, 17 AD3d 382 [2005]; *People v Baxter*, 15 AD3d 671 [2005]; *People v Alston*, 307 AD2d 1046 [2003]; *People v Bermejo*, 276 AD2d 560 [2000]; *People v Redding*, 262 AD2d 663 [1999]).

Furthermore, the County Court correctly granted the prosecution's reverse-*Batson* objection, which was made when the defendant exercised a peremptory challenge to exclude a white female prospective juror. Defense counsel, who allegedly had exercised seven prior peremptory challenges against white females, offered a facially race-neutral explanation for challenging the subject prospective juror. After hearing the prosecutor's objection to this explanation, the County Court rejected it as pretextual, and disallowed the challenge. The County Court's determination that the subject challenge was pretextual is entitled to great deference on appeal and will not be disturbed where, as here, it is supported by the record (*see People v Williams*, 5 AD3d 705 [2004]; *People v Alston, supra*; *People v Miller*, 266 AD2d 478 [1999]).

The defendant additionally argues that he was denied a fair trial because the victim's family members apparently pinned photographs of her to their clothing. Defense counsel called this issue to the County Court's attention and requested that the family members be directed to remove the photographs. The County Court immediately agreed to this request, and defense counsel did not request any additional relief, or move for a mis-

trial. Under these circumstances, it must be deemed that the matter was cured to defense counsel's satisfaction, and thus the defendant's present contention is unpreserved for appellate review (*see People v Everson*, 100 NY2d 609 [2003]; *People v Williams*, 46 NY2d 1070, 1071 [1979]; *People v Smith*, 294 AD2d 454 [2002]). We decline to consider this issue in the exercise of our interest of justice jurisdiction since the defendant failed to develop a factual record sufficient to permit proper appellate review (*see People v Kinchen*, 60 NY2d 772 [1983]; *People v Caba*, 23 AD3d 291 [2005]; *People v Ramos*, 282 AD2d 623 [2001]; *People v Cantor*, 248 AD2d 395 [1998]).

The County Court erred in admitting a photograph of the victim with her daughter, and brief testimony concerning the child's appearance and personality, since this evidence was not relevant to a material fact to be proved at trial (*see People v Stevens*, 76 NY2d 833 [1990]; *People v Rodriguez*, 1 AD3d 386 [2003]; *People v Kershaw*, 238 AD2d 523 [1997]; *People v Dove*, 233 AD2d 751 [1996]; *People v Daughtry*, 202 AD2d 686 [1994]). However, the error was harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Stevens, supra*; *People v Rodriguez, supra; People v Kershaw, supra; People v Dove, supra; People v Daughtry, supra*).

The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit (*see People v Morris*, 267 AD2d 1032 [1999]; *People v Wilson*, 267 AD2d 1061 [1999]; *People v Weatherly*, 246 AD2d 340 [1998]; *People v Spencer*, 226 AD2d 160 [1996]). Florio, J.P., Krausman, Mastro and Covello, JJ., concur.