# SUPREME COURT OF THE STATE OF NEW YORK
### *Appellate Division, Fourth Judicial Department*

**78**

**KA 09-00184**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

CARL GOOSSENS, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

JOHN E. TYO, SHORTSVILLE, FOR DEFENDANT-APPELLANT.

CARL GOOSSENS, DEFENDANT-APPELLANT PRO SE.

THOMAS E. MORAN, DISTRICT ATTORNEY, GENESEO (ERIC R. SCHIENER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered December 9, 2008. The judgment convicted defendant, upon a jury verdict, of attempted bribing a witness, conspiracy in the fifth degree and criminal solicitation in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of attempted bribing a witness (Penal Law §§ 110.00, 215.00 [a]), conspiracy in the fifth degree (§ 105.05 [1]) and criminal solicitation in the fourth degree (§ 100.05 [1]). Defendant failed to preserve for our review his contention that County Court violated his right to present a defense by limiting his cross-examination of a witness (*see People v Angelo*, 88 NY2d 217, 222; *People v Schafer*, 81 AD3d 1361, 1363, *lv denied* 17 NY3d 861; *People v Dorn*, 71 AD3d 1523). In any event, defendant's contention is without merit (*see generally People v Corby*, 6 NY3d 231, 234-235; *People v Lester*, 83 AD3d 1578, *lv denied* 17 NY3d 818). Viewing the evidence in light of the elements of the crime of attempted bribing a witness as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict with respect to that count is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant's remaining contentions are raised in his pro se supplemental brief. Defendant contends that the court erred in denying his request to substitute assigned counsel because he demonstrated good cause for the substitution. We reject that contention. The court made the requisite " 'minimal inquiry' " into

defendant's reasons for requesting new counsel (*People v Porto*, 16 NY3d 93, 100; *see People v Adger*, 83 AD3d 1590, 1591-1592, *lv denied* 17 NY3d 857; *People v Russell*, 55 AD3d 1314, *lv denied* 11 NY3d 930), and defendant " 'did not establish a serious complaint concerning defense counsel's representation and thus did not suggest a serious possibility of good cause for substitution [of counsel]' " (*Adger*, 83 AD3d at 1591).  We note that the court had previously granted defendant's request to substitute counsel, and that " '[t]he right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant's option' " (*People v Ward*, 27 AD3d 1119, 1120, *lv denied* 7 NY3d 819, 871, quoting *People v Sides*, 75 NY2d 822, 824).  Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of representation, we conclude that defendant received meaningful representation (*see generally People v Flores*, 84 NY2d 184, 187; *People v Baldi*, 54 NY2d 137, 147).  We reject the further contention of defendant that the court abused its discretion in denying his request for a missing witness charge with respect to two witnesses.  The two witnesses were unavailable and, in any event, the People established that their testimony would have been cumulative (*see generally People v Savinon*, 100 NY2d 192, 196-197; *People v Gonzalez*, 68 NY2d 424, 427-428).

Defendant contends that the court erred in failing to conduct a post-trial hearing to determine whether he was denied a fair trial when jurors allegedly observed him being escorted in shackles from the courthouse on the first day of trial.  That contention is unpreserved for our review "inasmuch as defendant merely noted [that the jurors had observed him in shackles] for the record and neither formally objected nor requested any relief" with respect to that issue (*People v Johnston*, 43 AD3d 1273, 1274, *lv denied* 9 NY3d 1007; *see People v Abron*, 37 AD3d 1163, *lv denied* 8 NY3d 980).  In any event, there is no indication in the record that the alleged "brief and . . . inadvertent" observation by the jurors prejudiced defendant (*People v Harper*, 47 NY2d 857, 858; *see People v Montgomery*, 1 AD3d 984, *lv denied* 1 NY3d 631).

Entered:  February 17, 2012                    Frances E. Cafarell
                                               Clerk of the Court