OPINION OF THE COURT
April A. Newbauer, J.
Defendant Luis Villegas, charged with criminal sale of a controlled substance in or near school grounds, moves pursuant to Criminal Procedure Law § 210.30 to have the court inspect the grand jury minutes and review the indictment. The People oppose the motion. Neither the indictment filed with the court nor the copies subsequently reviewed contain the signature of the grand jury foreperson. For the reasons stated below, the indictment is dismissed as legally insufficient. (CPL 200.50 [8].)
Procedural History
The indictment against the defendant was filed with the Supreme Court in January 2013 and the defendant was arraigned on the charges on January 23, 2013. On February 28, 2014 the defense filed an omnibus motion, including an application for the court to examine the indictment. The court’s inspection revealed that the copy of the indictment in the file did not contain the foreperson’s signature, so the parties were questioned on the record as to whether their files contained a signed copy. Neither side could locate an indictment with the foreperson’s signature.
On August 20, 2014, the People filed a supplemental affirmation attaching the minutes of the supreme court arraignment, in which there was no reference to the indictment being signed.* The prosecution also supplied a sworn affidavit from a New York State Court System Senior Court Clerk, who stated:
“as part of my job duties and in the ordinary course *234 of business, I adhere to the following procedure regarding the filing of indictments: I receive two (2) copies of each indictment from the Office of the District Attorney, Bronx County; I verify that at least one (1) of the two (2) copies bears the signature of the Grand Jury Foreperson; and then officially file Said indictment with the Supreme Court.”
Conclusions of Law
Criminal Procedure Law § 200.50 (8) provides that an indictment must contain “[t]he signature of the fore[person] or acting fore [person] of the grand jury, except where the indictment has been ordered reduced pursuant to subdivision one-a of section 210.20 of this chapter or the accusatory instrument is a superior court information.” While the foreperson’s certification is now part of New York’s statutory framework, grand jury authentication of an indictment long preceded the signature requirement. (See People v Stauber, 307 AD2d 544 [3d Dept 2003].) The foreperson’s signature on the indictment is a modern manifestation of the grand jury’s role as a buffer between the accused and the government, hearkening back to English common law. (See People v Doe, 151 Misc 2d 829 [Sup Ct, Kings County 1991].)
Defense efforts to strictly construe the signature requirement have failed where there was alternate evidence of authentication of grand jury action in the record. As the Court noted in People v Stauber (307 AD2d 544 [3d Dept 2003]), over a century ago the Court of Appeals found the grand jurors’ appearance in court to present the indictment on the record sufficient to authenticate the indictment. (See Brotherton v People, 75 NY 159 [1878].) More recently, the lack of a signature on the face of the indictment has been held to suffice if the foreperson’s signature appears on a district attorney’s back cover form. (See People v Striplin, 48 AD3d 878 [3d Dept 2008].) In addition, the lack of a signature on the indictment cannot be raised for the first time on appeal because it is not a jurisdictional requirement. (See People v Burch, 97 AD3d 987 [3d Dept 2012].)
The People claim that the defendant waived his objection to authentication by failing to make it on the record at the supreme court arraignment. The defendant’s silence at arraignment, however, is not the equivalent of a complete failure to preserve the issue in the lower court for an appeal as found in People v Weatherly (246 AD2d 340 [1st Dept 1998]), and in the Third Department cases cited above. Further, in this county, *235 unsigned copies of the indictment are routinely served on the defense at the supreme court arraignment, whether to preserve the anonymity of the grand jury foreperson or for other reasons. A defendant receiving an unsigned copy under the local practice has no particular reason to doubt the authenticity of the indictment. A defendant’s CPL 210.30 motion constitutes timely notice of this issue, and unlike the situation described by the First Department in People v Weatherly (246 AD2d 340 [1st Dept 1998]), there is apparently no signed original.
The prosecution also implicitly argues that a presumption of regularity should attach because the court clerk states that she checks to make sure that at least one copy of an indictment is signed before accepting an indictment for filing. In the absence of specific proof to the contrary, in many situations the law may presume that statutory requirements were satisfied. (See People v Dominique, 90 NY2d 880 [1997] [issuing court took oral testimony but failed to record the testimony as required by CPL 690.40 (1)].) The clerk’s affidavit however, does not refer to this indictment or any particular actions she took in this case. It is undisputed that the court file contains only an unsigned copy of the indictment, and the People have neither produced a signed copy from their files nor the foreperson of the grand jury panel to clarify the anomaly. Moreover, the grand jury minutes do not reveal that the grand jurors voted a true bill. In these circumstances, the court cannot presume the existence of a signed indictment.
The New York State Legislature has singled out and designated the foreperson’s signature as authenticating grand jury action. (CPL 200.50 [8].) Consistent with maintaining the grand jury’s function as protector of the populace from unfounded prosecutions, the court cannot overlook the complete lack of authentication here. Upon the defendant’s timely motion, it was incumbent on the People to produce the foreperson or demonstrate equivalent evidence of a signed indictment. In their absence, the indictment must be dismissed. The People are granted leave to re-present the charges.

 “Court Clerk: Luis Villegas, you are before the Court today to be arraigned under 0044 of 2013 where the grand jury of Bronx county voted and filed an indictment charging you with the crime of criminal sale of a controlled substance in or near school grounds and other crimes. How do you plead, guilty or not guilty? “Defendant Villegas: Not guilty, sir.” (Minutes of Jan. 23, 2013, Part FA, Bronx Crim Ct.)