■ The People of the State of New York, Respondent, v Michael German, Appellant. [45 NYS3d 747]—

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered June 25, 2015. The judgment convicted defendant, upon a jury verdict, of assault in the second degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts of assault in the second degree (Penal Law § 120.05 [3]). We conclude that the evidence, viewed in the light most favorable to the People, is legally sufficient to support the conviction. We note that a "peace officer" is defined to include a "correction officer[ ] of any state correctional facility" (CPL 2.10 [25]; *see* Penal Law § 120.05 [3]). We further conclude that the evidence demon-

strates that the victims each sustained a "physical injury," defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]; *see* § 120.05 [3]; *see also People v Chiddick*, 8 NY3d 445, 447-448 [2007]). Moreover, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant failed to preserve for our review his contention that he was deprived of due process as a result of being shackled within the view of the jurors beginning on the second day of trial (*see People v Goossens*, 92 AD3d 1281, 1282 [2012], *lv denied* 19 NY3d 960 [2012]). Defendant likewise has failed to preserve for our review his contention that County Court erred in failing to give a curative instruction regarding defendant's wearing of shackles (*see* CPL 470.05 [2]; *People v Harris*, 303 AD2d 1026, 1026-1027 [2003], *lv denied* 100 NY2d 594 [2003]). We decline to exercise our power to review those contentions as a matter of our discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Finally, defendant's contention that he was wrongfully excluded from a material stage of trial, i.e., sidebar conferences among the court and the attorneys at which defendant's presence might have had a substantial effect on his ability to defend against the charges (*see People v Sloan*, 79 NY2d 386, 392-393 [1992]), "is not reviewable because he failed to provide 'an adequate record for appellate review' " (*People v Lockett*, 1 AD3d 932, 932 [2003], *lv denied* 1 NY3d 630 [2004], quoting *People v Velasquez*, 1 NY3d 44, 48 [2003]; *see People v Camacho*, 90 NY2d 558, 560 [1997]). Present—Whalen, P.J., Smith, Peradotto, NeMoyer and Scudder, JJ.