# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1144

KA 15-01405

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

MICHAEL GERMAN, DEFENDANT-APPELLANT.

---

DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (BRIAN T. LEEDS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered June 25, 2015. The judgment convicted defendant, upon a jury verdict, of assault in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts of assault in the second degree (Penal Law § 120.05 [3]). We conclude that the evidence, viewed in the light most favorable to the People, is legally sufficient to support the conviction. We note that a "peace officer" is defined to include a "correction officer[] of any state correctional facility" (CPL 2.10 [25]; *see* Penal Law § 120.05 [3]). We further conclude that the evidence demonstrates that the victims each sustained a "physical injury," defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]; *see* § 120.05 [3]; *see also People v Chiddick*, 8 NY3d 445, 447-448). Moreover, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant failed to preserve for our review his contention that he was deprived of due process as a result of being shackled within the view of the jurors beginning on the second day of trial (*see People v Goossens*, 92 AD3d 1281, 1282, *lv denied* 19 NY3d 960). Defendant likewise has failed to preserve for our review his contention that County Court erred in failing to give a curative instruction regarding defendant's wearing of shackles (*see* CPL 470.05 [2]; *People v Harris*, 303 AD2d 1026, 1026-1027, *lv denied* 100 NY2d 594). We decline to exercise our power to review those contentions as a matter of our discretion in the interest of justice (*see* CPL 470.15

[6] [a]).

Finally, defendant's contention that he was wrongfully excluded from a material stage of trial, i.e., sidebar conferences among the court and the attorneys at which defendant's presence might have had a substantial effect on his ability to defend against the charges (*see People v Sloan*, 79 NY2d 386, 392-393), "is not reviewable because he failed to provide 'an adequate record for appellate review' " (*People v Lockett*, 1 AD3d 932, 932, *lv denied* 1 NY3d 630, quoting *People v Velasquez*, 1 NY3d 44, 48; *see People v Camacho*, 90 NY2d 558, 560).

Entered:  December 23, 2016                      Frances E. Cafarell
                                                 Clerk of the Court