Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered June 25, 2015. The judgment convicted defendant, upon a jury verdict, of assault in the second degree (two counts).
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts of assault in the second degree (Penal Law § 120.05 [3]). We conclude that the evidence, viewed in the light most favorable to the People, is legally sufficient to support the conviction. We note that a “peace officer” is defined to include a “correction officer [ ] of any state correctional facility” (CPL 2.10 [25]; see Penal Law § 120.05 [3]). We further conclude that the evidence demon *1551 strates that the victims each sustained a “physical injury,” defined as “impairment of physical condition or substantial pain” (Penal Law § 10.00 [9]; see § 120.05 [3]; see also People v Chiddick, 8 NY3d 445, 447-448 [2007]). Moreover, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant failed to preserve for our review his contention that he was deprived of due process as a result of being shackled within the view of the jurors beginning on the second day of trial (see People v Goossens, 92 AD3d 1281, 1282 [2012], lv denied 19 NY3d 960 [2012]). Defendant likewise has failed to preserve for our review his contention that County Court erred in failing to give a curative instruction regarding defendant’s wearing of shackles (see CPL 470.05 [2]; People v Harris, 303 AD2d 1026, 1026-1027 [2003], lv denied 100 NY2d 594 [2003]). We decline to exercise our power to review those contentions as a matter of our discretion in the interest of justice {see CPL 470.15 [6] [a]).
Finally, defendant’s contention that he was wrongfully excluded from a material stage of trial, i.e., sidebar conferences among the court and the attorneys at which defendant’s presence might have had a substantial effect on his ability to defend against the charges (see People v Sloan, 79 NY2d 386, 392-393 [1992]), “is not reviewable because he failed to provide ‘an adequate record for appellate review’ ” (People v Lockett, 1 AD3d 932, 932 [2003], lv denied 1 NY3d 630 [2004], quoting People v Velasquez, 1 NY3d 44, 48 [2003]; see People v Camacho, 90 NY2d 558, 560 [1997]).
Present—Whalen, P.J., Smith, Peradotto, NeMoyer and Scudder, JJ.